THE STATE OF OHIO, APPELLEE, *v.* GOSE, APPELLANT.
THE STATE OF OHIO, APPELLEE, *v.* PELOW, APPELLANT.

(Nos. L-85-394 and L-86-003—Decided September 12, 1986.)

*Perry Driscoll,* for appellee.
*Martin Dow,* for appellants.

*Per Curiam.* This appeal is before the court on the issue of whether an act that violates R.C. 2151.41[1] and 4301.69 bars the state from pursuing successive, separate and distinct prosecutions under the guise of the Double Jeopardy Clauses of the United States and Ohio Constitutions. The instant appeal involves the consolidation of two cases: *State* v. *Steven J. Gose,* No. L-85-394, and *State* v. *Daniel T. Pelow,* No. L-86-003. The pertinent facts giving rise to the appeal of *State* v. *Gose* are as follows.

On April 23, 1985, a complaint was filed against appellant Steven J. Gose in the Sylvania Municipal Court. The complaint alleged that on April 19, 1985, appellant had violated R.C. 4301.69 when he furnished beer to four minors: James R. Ajemian, Scott A. Swan, Michael D. Sterling, and Romi Eidi.

Subsequently, on May 14, 1985, four complaints were filed against appellant in the Lucas County Court of Common Pleas, Juvenile Division. The complaints alleged that on April 19, 1985, appellant had contributed to the delinquency of said minors when he purchased beer for their consumption, in violation of R.C. 2151.41.

On June 28, 1985, appellant appeared in the Sylvania Municipal Court where he entered a plea of no contest to the charge of violating R.C. 4301.69. The court found appellant guilty and ordered a ten-day suspended sentence.

Additionally, appellant was fined $50 plus costs.

Pursuant to this conviction, appellant filed a motion in the juvenile court requesting that the charge of contributing to the delinquency of a minor be dismissed on the ground that it violated the Double Jeopardy Clauses of the United States and Ohio Constitutions. The juvenile court denied appellant's motion. It is from this denial that appellant appeals and sets forth a single assignment of error[2]:

"The trial court erred in overruling appellant's motion to dismiss on grounds of double jeopardy."

The pertinent facts giving rise to the appeal of the second case under the consolidation, *State* v. *Pelow,* are as follows.

On September 3, 1985, in the Sylvania Municipal Court, appellant Daniel Pelow was charged with furnishing alcohol to two minors, Michelle K. Benedict and Mary B. Daniels. R.C. 4301.69. In addition, appellant was charged in the Lucas County Court of Common Pleas, Juvenile Division, with contributing to the delinquency of said minors. R.C. 2151.41.

Thereafter, appellant appeared in the Sylvania Municipal Court where he pled no contest to the charge of violating R.C. 4301.69. Appellant was found guilty and sentenced to five days in jail with credit allowed for previous time served. Additionally, appellant was fined $25 plus costs.

Subsequent to this action, appellant filed a motion to dismiss the complaint filed against him in the juvenile court. Appellant claimed that

---

[1] R.C. 2151.41 was repealed effective March 6, 1986. The repealing of this statute does not affect appellants' convictions or appeals. R.C. 1.58(A)(1).

[2] "* * * [T]he overruling of a motion to dismiss on the grounds of double jeopardy is a final appealable order under R.C. 2953.02 and 2505.02." *State* v. *Thomas* (1980), 61 Ohio St. 2d 254, 258, 15 O.O. 3d 262, 265, 400 N.E. 2d 897, 901, certiorari denied (1980), 449 U.S. 852.

prosecuting him under the second charge constituted double jeopardy. The court denied appellant's motion and thereafter found appellant guilty of one act of contributing to the delinquency of a minor. Appellant was given a six-month suspended sentence and a fine of $200 plus costs.

Appellant is now appealing from this judgment and has set forth two assignments of error:

"The trial court errored [*sic*] in finding the appellant guilty of the allegations contained in cause No. 85-11786 and subsequently sentencing the appellant.

"The trial of the appellant in the juvenile court was in error because the appellant had already been placed in jeopardy for the offense; [appellant] gave notice to the court of that and also provided the court with certified copies of the findings, the judgment and the sentence of that court."

In considering appellants' three assignments of error, this court is compelled to comply with the test set forth by the United States Supreme Court for determining when the Double Jeopardy Clause has been violated:

"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. * * *" (Citations omitted.) *Blockburger* v. *United States* (1932), 284 U.S. 299, 304.

In the instant appeal appellants have been prosecuted under R.C. 2151.41 and 4301.69.

"The essential elements of R.C. 2151.41 are:

"(1) Acting in a way tending to cause delinquency or unruliness;

"(2) In a child." *State* v. *Moore* (1978), 62 Ohio App. 2d 86, 87, 16 O.O. 3d 183, 184, 404 N.E. 2d 174, 175.

The essential elements of R.C. 4301.69 are:

(1) no person shall buy, sell, or furnish;

(2) intoxicating liquor to a person under twenty-one years of age;

(3) or beer to a person under nineteen years of age.

To be convicted under R.C. 4301.69, there must be proof that beer or some intoxicating liquor has been provided to the individual. However, this element is not required to be proven under R.C. 2151.41. The element of alcohol is an element which is exclusive to conviction under R.C. 4301.69.

Consequently, R.C. 2151.41 requires proof that the individual who must be a child has been induced to act in an unruly or delinquent manner. A child has been defined as "* * * a person who is under the age of eighteen years." Juv. R. 2(2). The age requirement under R.C. 4301.69 is that an individual under nineteen years of age may not be provided with beer and an individual under twenty-one years of age may not be provided with intoxicating liquor. Therefore, an individual may be convicted under R.C. 2151.41 without ever supplying alcohol to a child.

In consideration of these above-mentioned facts, the court finds that each statute requires proof of a fact that the other does not. Therefore, this court finds that two separate and distinct offenses were committed. Commission of one crime does not necessitate the commission of the other.

Additionally, these two statutes possess different legislative intents. Both statutes are from different chapters of the Revised Code. R.C. 4301.69 is found in the chapter regarding liquor control, while R.C. 2151.41 is found in the chapter regarding courts — probate and juvenile. The intent of the legislature is clear: by plac-

ing the pertinent sections in different and distinct sections of the code, separate offenses were created.

Therefore, this court finds that prosecution under R.C. 2151.41 and 4301.69 does not constitute a violation of the Double Jeopardy Clauses. Accordingly, the court finds appellant Gose's single assignment of error and appellant Pelow's two assignments of error to be not well-taken.

On consideration whereof, the court finds that the defendants were not prejudiced or prevented from having a fair trial, and the judgments of the juvenile court are affirmed.

*Judgments affirmed.*

HANDWORK and ALICE ROBIE RESNICK, JJ., concur.

WILKOWSKI, J., dissents.