OPINION *Page 2 
{¶ 1} Defendant-appellant, Julie Wickham, appeals her sentence in the Muskingum County Court of Common Pleas on one count of permitting drug abuse in violation of R.C. 2925.13(B), a felony of the fifth degree. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} On August 2, 2006, Appellant was indicted by a Muskingum County Grand Jury in Case Numbers CR 2006-0224. The indictment contained one count of Trafficking in Drugs (Crack Cocaine) with a school specification, a felony of the fourth degree, in violation of O.R.C.2925.03(A)(1); and one count Permitting Drug Abuse, a felony of the fifth degree, in violation of O.R.C. 2925.13(B).
 {¶ 3} On August 9, 2006, Appellant pled not guilty to the indictment.
 {¶ 4} On October 4, 2006, Appellant appeared with her counsel, withdrew her former plea of not guilty and entered a plea of guilty to count three of the indictment, the fifth degree felony, the State agreeing to Nolle Count Two, the fourth degree felony, at sentencing.
 {¶ 5} The written plea form outlines the charge, its level and maximum penalty, potential revocation ramifications, post release control provisions, and community control possibilities. Additionally, it establishes that the appellant understands the nature of the charges and enters the plea voluntarily with an understanding of the rights waived by the change of plea. The plea form further noted that the appellant understands that any recommendations by the State are not binding upon the Court. The following language is found on page two of the written plea of guilty: "I further understand that the *Page 3 
Prosecutor's recommendation does not have to be followed by the Court" [Plea of Guilty form, filed October 4, 2006 at 2]. This form was made available to Appellant for review with her counsel. Appellant's signature appears on the form, along with that of her counsel Attorney David Mortimer, and Assistant Prosecuting Attorney Robert Smith.
 {¶ 6} Additionally, the Court entered into a dialogue with the Appellant during which the Court established on record that Appellant understood that the Prosecutor's recommendation was not binding upon the Court:
 {¶ 7} COURT: State of Ohio is recommending that you receive a ten-month prison sentence. Is that your understanding?
 {¶ 8} DEFENDANT: Yes, Sir.
 {¶ 9} COURT: Have you been promised anything else or threatened in any way in order to enter your plea of guilty here today?
 {¶ 10} DEFENDANT: No, Sir.
 {¶ 11} COURT: Do you understand the prosecutor's recommendation is not binding on the Court, I do not have to follow it?
 {¶ 12} DEFENDANT: Yes, Sir.
 {¶ 13} [Plea Transcript, October 4, 2006 at 7].
 {¶ 14} Sentencing was deferred for a pre-sentence investigation. The matter was set for sentencing November 20, 2006.
 {¶ 15} On November 20, 2006, appellant appeared before the Court with her counsel for sentencing. The State of Ohio recommended a 10-month sentence, but the Court did not follow the recommendation. *Page 4 
 {¶ 16} The Court, after reviewing the pre-sentence investigation and hearing statements from counsel for the appellant, sentenced the appellant to twelve months for the one felony five count of Permitting Drug Abuse. The Court noted that the State recommended a ten-month sentence to make the sentence similar to the co-defendants and that the Court would not follow that recommendation. [Sentencing Transcript, November 20, 2006 at 4]. The Court subsequently asked the Appellant whether she understood what he had just went over with her, to which she responded that she did. [Id. at 5]. Neither the appellant nor her counsel addressed any concerns with the Court regarding the sentence imposed.
 {¶ 17} In its Sentencing Entry, file-stamped November 21, 2006, the Court noted that it considered the record, all statements, any victim impact statement and pre-sentence report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code 2929.11
and its balance of seriousness and recidivism factors under Ohio Revised Code 2929.12. The Court found that the most serious offense committed by the appellant was a felony of the fifth degree and that the Court could not follow the plea agreement in this matter. The Court imposed a twelve-month sentence. [Judgment Entry, November 21, 2006 at 1].
 {¶ 18} Appellant filed a timely notice of appeal and herein raises the following assignment of error:
 {¶ 19} "I. THE TRIAL COURT'S IMPOSED MAXIMUM SENTENCE OF 12 MONTHS IS HARSH AND EXCESSIVE CONSIDERING REVISED CODE R.C.2929.11 THROUGH 2929.14." *Page 5 
 I. {¶ 20} In her sole assignment of error appellant contends that the sentenced imposed is too harsh because her co-defendants received lesser sentences. We disagree.
 {¶ 21} We note that we do not know the specific sentences of any of appellant's co-defendants, as appellant did not make their sentencing hearings a part of the record. In Knapp v. Edwards Laboratories (1980),61 Ohio St2d 197, 199, the Supreme Court of Ohio held the following:
 {¶ 22} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. SeeState v. Skaggs (1978), 53 Ohio St.2d 162. This principle is recognized in App.R. 9(B), which provides, in part, that `* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record.* * *' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Footnote omitted.)
 {¶ 23} "When portions of the transcript necessary to resolve issues are not part of the record, we must presume regularity in the trial court proceedings and affirm. Knapp v. Edwards Laboratories (1980),61 Ohio St. 2d 197, 400 N.E.2d 384. The sentencing entries and transcripts of the co-defendants' sentencing hearings could have been submitted for our review. It is the duty of counsel to ensure that all documents and *Page 6 
reports are made a part of the trial court record and are actually transmitted to this Court.
 {¶ 24} We reach the same result upon a review of the record in appellant's case.
 {¶ 25} At the outset we note, there is no constitutional right to an appellate review of a criminal sentence. Moffitt v. Ross (1974),417 U.S. 600, 610-11, 94 S.Ct. 2437, 2444; McKane v. Durston (1894),152 U.S. 684, 687, 14 S. Ct. 913. 917; State v. Smith (1997),80 Ohio St.3d 89, 1997-Ohio-355, 684 N.E.2d 668. This proposition has been firmly established as noted by the Ohio Supreme Court: "[t]he United States Supreme Court in Estelle v. Dorrough (1975), 420 U.S. 534, 536,95 S.Ct. 1173, 1175, 43 L.Ed.2d 377, 380, held, `there is no federal constitutional right to state appellate review of state criminal convictions.' The Supreme Court has stated that `the right of appeal is not essential to due process, provided that due process has already been accorded in the tribunal of first instance.' State ex rel. Bryant v.Akron Metro. Park Dist. (1930), 281 U.S. 74, 80, 50 S.Ct. 228, 230, 74 L.Ed. 710, 715.
 {¶ 26} An individual has no substantive right to a particular sentence within the range authorized by statute. Gardner v. Florida (1977),430 U.S. 349, 358, 97 S.Ct. 1197, 1204-1205. In other words "[t]he sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus. It is not the duration or severity of this sentence that renders it constitutionally invalid. . . ." Townsend v. Burke (1948), 334 U.S. 736,741, 68 S.Ct. 1252, 1255.
 {¶ 27} There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and *Page 7 
recidivism or even discussed them. State v. Polick (1995),101 Ohio App.3d 428, 431; State v. Gant, Mahoning App. No. 04 MA 252,2006-Ohio-1469, at ¶ 60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), citing State v. Cyrus (1992), 63 Ohio St.3d 164, 166;State v. Hughes, Wood App. No. WD-05-024, 2005-Ohio-6405, at ¶ 10 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case),State v. Woods, 5th Dist. No. 05 CA 46, 2006-Ohio-1342
at ¶ 19 (". . . R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors"). (Citations omitted).
 {¶ 28} In State v. Hill (1994), 70 Ohio St.3d 23, 635 N.E.2d 1248, the defendant was convicted of complicity to trafficking in marijuana, and sentenced to one year in prison and further ordered to forfeit his apartment complex. His co-defendant received probation instead of a prison sentence. Id. at 29, 635 N.E.2d at 1252. On appeal, he argued that the trial court abused its discretion by giving him a harsher sentence than was given his co-defendant. Id. The Ohio Supreme Court observed: "[t]here is no question that on its face the sentence received by appellant, when compared to Newbauer's punishment, is disproportionate. Given the fact that Newbauer received probation, appellant's one-year prison sentence does appear to be harsh. However, as a general rule, an appellate court will not review a trial court's exercise of discretion in sentencing when the sentence is authorized by statute and is within the statutory limits. See, generally, Toledo v.Reasonover (1965), 5 Ohio St.2d 22, 24, 34 O.O.2d 13, 14,213 N.E.2d 179, 180-181. See, also, State v. Cassidy (1984), 21 Ohio App.3d 100,102, *Page 8 21 OBR 107, 108-109, 487 N.E.2d 322, 323; State v. Burge (1992),82 Ohio App.3d 244, 249, 611 N.E.2d 866, 869; and State v. Grigsby (1992),80 Ohio App.3d 291, 302, 609 N.E.2d 183, 190.
 {¶ 29} Appellant cites no precedent, or any other authority, for reversal of an otherwise valid sentence on the basis that more culpable co-defendants were not punished more severely. There is no requirement that co-defendants receive equal sentences. State v. Lloyd, 11th Dist. No. 2002-L-069, 2003-Ohio-6417 at ¶ 21;United State v. Frye (6th Cir. 1987), 831 F.2d 664, 667. Each defendant is different and nothing prohibits a trial court from imposing two different sentences upon individuals convicted of similar crimes. State v Aguirre, 4th Dist. No. 03CA5, 2003-Ohio-4909 at ¶ 50.
 {¶ 30} In this case, there is nothing in the record to show that the difference in appellant's sentence from those of her co-defendants was the result of anything other than the individualized factors that were applied to appellant. State v. Beasley, 8th Dist. No. 82884, 2004-Ohio-988 at ¶ 23.
 {¶ 31} Appellant further argues that she did not receive the benefit of her negotiated plea agreement with the State. We disagree.
 {¶ 32} Trial courts are vested with discretion in implementing plea agreements. Akron v. Ragsdale (1978), 61 Ohio App.2d 107. A trial court does not err by imposing a sentence greater than "that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor." State v. Pettiford, Fayette App. No. CA2001-08-014, 2002-Ohio-1914, at 3, citing State v. Darmour (1987),38 Ohio App.3d 160; State v. Bartram, 5th Dist. No. 05CA106, 2006- *Page 9 
Ohio-3505 at ¶ 7. In fact, Crim.R. 11 "does not contemplate that punishment will be a subject of plea bargaining, this being a matter either determined expressly by statute or lying with the sound discretion of the trial court." State v. Mathews (1982),8 Ohio App.3d 145, 146; State v. Bartram, supra.
 {¶ 33} The record in the case at bar establishes that appellant was informed both in the written plea agreement and orally by the trial court prior to entering her plea that the trial court was not bound to follow the recommendation of the State concerning sentencing.
 {¶ 34} "Here, the defendant-appellant knew prior to the acceptance by the court of his plea that he might not receive the sentence recommended by the prosecutor. His `bargain' for his plea was arecommendation, not a guarantee. He received what he bargained for. Neither he nor his counsel sought to withdraw his pleas of guilty in the four days from the entering of the plea and the pronouncement of a sentence. No one objected. Accordingly, we cannot find any error, let alone plain error". State v. Bamhart (Aug. 26, 1998), 7th
Dist. No. 94 CA 192.
 {¶ 35} Accordingly, appellant's sole assignment of error is overruled. *Page 10 
 {¶ 36} For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.
 Gwin, P.J., Hoffman, J., Wise, J., concur *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed. Costs to appellant. *Page 1