{¶ 1} Appellant Joshua H. Detter appeals his conviction, in the Morrow County Court of Common Pleas, Juvenile Division, for contributing to the delinquency of a minor. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On June 15, 2004, appellant was charged in Morrow County Juvenile Court with two counts of contributing to the delinquency of a minor, based on allegations that he had provided alcoholic beverages to two seventeen-year-old females on or about June 9, 2004. Appellant was also charged in Morrow County Municipal Court with misdemeanor charges of furnishing alcohol to minors, based on the same incident.
 {¶ 3} Soon thereafter, the Morrow County Prosecutor withdrew his office from representation in the Juvenile Court case. On June 23, 2004, the Juvenile Court appointed the Marion County Prosecutor's Office as the special prosecutor for the contributing to delinquency case.
 {¶ 4} In addition, in July 2004, the Marion City Law Director, Mark Russell, was appointed the special prosecutor to handle the Municipal Court misdemeanor charges of furnishing alcohol to minors. In that case, Mr. Russell and appellant's defense counsel began working on a plea arrangement. According to appellant, an agreement was reached wherein appellant would plead to the furnishing alcohol charges, and the Marion County Prosecutor would dismiss the contributing to delinquency charges in Morrow County Juvenile Court. A pre-trial hearing in municipal court was conducted on August 12, 2004. However, on August 18, 2004, the Marion County Prosecutor filed a motion to withdraw as special prosecutor in the juvenile case. The motion was granted, *Page 3 
and the next day, the Morrow County Prosecutor's Office was ordered back on the juvenile case. Appellant entered his no-contest plea in the Municipal Court case on November 16, 2004; however, the Morrow County Prosecutor had not dismissed and would not dismiss both Juvenile Court counts against appellant.
 {¶ 5} On May 24, 2005, appellant filed a motion to enforce plea agreement in the Morrow County Juvenile Court. Following an evidentiary hearing on August 23, 2005, that motion was denied. See "Decision — Journal Entry," May 22, 2006. Appellant also filed a motion to dismiss the juvenile charges on constitutional grounds, but said motion was also denied. See "Decision — Journal Entry," September 28, 2006.
 {¶ 6} Appellant thereafter entered a no contest plea in Juvenile Court to one count of contributing to the delinquency of a minor. The second count was dismissed by the State. Appellant sentenced to 180 days in jail, plus a $1,000 fine, with 170 days and $900 suspended. Commencement of jail time was stayed pending appeal.
 {¶ 7} On December 13, 2006, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:
 {¶ 8} "I. IT WAS AN ABUSE OF DISCRETION AND THE TRIAL COURT ERRED AS A MATTER OF LAW BY OVERRULING DEFENDANT'S MOTION TO ENFORCE THE PLEA AGREEMENT.
 {¶ 9} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT OVERRULED THE MOTION TO DISMISS BASED UPON A VIOLATION OF REVISED CODE 2941.25 AND/OR THE DOUBLE JEOPARDY CLAUSE OF THE OHIO AND/OR UNITED STATES CONSTITUTION. *Page 4 
 I. {¶ 10} In his First Assignment of Error, appellant argues the trial court erred in overruling his motion to enforce plea agreement. We disagree.
 {¶ 11} It is well-established that the law favors settlements and their enforceability. Caserta v. McSwain (Dec. 29, 1987), Franklin App. No. 87AP-611, citing Spercel v. Sterling Industries (1972),31 Ohio St.2d 36. Nonetheless, trial courts are vested with discretion in implementing plea agreements. State v. Wickham, Muskingum App. No. CT2006-0084, 2007-Ohio-1754, ¶ 32, citing Akron v. Ragsdale (1978), 61 Ohio App.2d 107. The determination of whether there has been a breach of a valid plea agreement likewise rests within the sound discretion of the trial court. See State v. Mathews (1982), 8 Ohio App.3d 145, 146.
 {¶ 12} In the case sub judice, the trial court was unwilling to find the existence of a valid agreement, noting, inter alia, that the Marion City Law Director, Mark Russell, the special prosecutor handling the Municipal Court misdemeanor charges, had specifically denied ever giving the impression that he had control over the juvenile case. See Tr. at 33. Upon reviewing the testimony and exhibits, the trial court found that the Municipal Court special prosecutor, Mark Russell, had not tendered an offer regarding the potential dismissal of the juvenile charges to appellant's trial counsel until August 26, 2004. Judgment Entry at 6. Moreover, the trial court found that even this "offer" was conditioned upon appellant providing a factual tape-recorded statement and promising to testify against the co-conspirators. Id. at 6-7. The trial court further found that appellant's trial counsel had received a copy of the juvenile court's August 19, 2004 approval of the Marion County Prosecutor's withdrawal, and thus knew or should have *Page 5 
known that the Marion County authorities were no longer in a position to bind the State on August 26, 2004. Id. at 9. Finally, the record reflects Mr. Russell, as of the time of the municipal court plea on November 16, 2004, was aware of the return of the Morrow County Prosecutor to the juvenile case, even though he intended to "stand by [his] agreement." Tr. at 35.
 {¶ 13} The trial court's chief determination on this issue was akin to a determination of the existence of a contract. As such, our role is to determine whether there was relevant, competent and credible evidence upon which the fact finder could base its judgment. See, e.g., LMSMarketing, Inc. v. Grove Corporation (Jan. 22, 2001), Stark App. No. 2000CA00092, citing Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA 5758. In light of the foregoing analysis, we hold the trial court's conclusions were supported by relevant, competent and credible evidence, and we find no abuse of discretion in the finding that no enforceable plea agreement existed.
 {¶ 14} Appellant's First Assignment of Error is overruled.
 II. {¶ 15} In his Second Assignment of Error, appellant contends the trial court erred in overruling his motion to dismiss based on R.C. 2941.25 or double jeopardy grounds. We disagree.
 {¶ 16} We first address R.C. 2941.25(A), which provides as follows:
 {¶ 17} "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." *Page 6 
 {¶ 18} Appellant herein was prosecuted in juvenile court under R.C.2919.24(A)(1), which states that no person shall "[a]id, abet, induce, cause, encourage, or contribute to a child * * * becoming an unruly child * * * or a delinquent child * * *." In the municipal court case, appellant had been prosecuted under R.C. 4301.69(A), which prohibits a person from furnishing intoxicating liquor to underage persons.
 {¶ 19} In State v. Ranee, 85 Ohio St.3d 632, 710 N.E.2d 699,1999-Ohio-291, the Ohio Supreme Court stated the test for determining whether crimes are allied offenses of similar import: "If the elements of the crimes `correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import.'" [Citations omitted.] Id. at 636,710 N.E.2d 699. The Supreme Court further held that in making this determination, a court must align the elements of each crime in the abstract. Id. at 638, 710 N.E.2d 699.
 {¶ 20} We note the Ohio Supreme Court in State v. Zima,102 Ohio St.3d 61, 806 N.E.2d 542, 2004-Ohio-1807, f.n. 3, indicated thatRanee did not involve the successive-prosecution branch of the Double Jeopardy Clause, as would seem to apply to the dual-court scenario in the case sub judice. Nonetheless, in State v. Gose (1986),33 Ohio App.3d 288, 515 N.E.2d 974. the Sixth District Court of Appeals found no double jeopardy violation regarding dual prosecutions similar to the situation presently at issue.[1] The Gose Court first concluded that the commission of one of these crimes does not necessitate the commission of the other. Id. at 290. The Court secondly concluded:" * * * [T]hese two statutes possess different legislative intents. Both statutes *Page 7 
are from different chapters of the Revised Code. R.C. 4301.69 is found in the chapter regarding liquor control, while R.C. 2151.41 is found in the chapter regarding courts-probate and juvenile. The intent of the legislature is clear: by placing the pertinent sections in different and distinct sections of the code, separate offenses were created." Id. at 290-291.
 {¶ 21} In the current statutory scheme, R.C. 4301.69 remains under the liquor control chapter of the Revised Code, while present R.C. 2919.24
falls under the "offenses against the family" chapter. However, the above reasoning of Gose remains persuasive to this Court. We therefore hold appellant's juvenile court prosecution under these circumstances did not violate the Double Jeopardy Clauses of the United States and Ohio Constitutions.
 {¶ 22} Accordingly, appellant's Second Assignment of Error is overruled.
 {¶ 23} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Morrow County, Ohio, is affirmed.
[1] Mr. Gose was prosecuted in Lucas County Juvenile Court under former R.C. 2151.41, which contained provisions analogous to modern R.C.2919.24. He was also charged with violating R.C. 4301.69 in Sylvania Municipal Court. Gose at 289. *Page 8