[Cite as *State v. Burke*, 2011-Ohio-2689.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                          |   | JUDGES:                      |
|--------------------------|---|------------------------------|
| STATE OF OHIO            | : | Hon. W. Scott Gwin, P.J.     |
|                          | : | Hon. John W. Wise, J.        |
| Plaintiff-Appellee       | : | Hon. Patricia A. Delaney, J. |
|                          | : |                              |
| -vs-                     | : |                              |
|                          | : | Case No. CT2010-55           |
| JOSHUA BURKE             | : |                              |
|                          | : |                              |
| Defendant-Appellant      | : | O P I N I O N                |

CHARACTER OF PROCEEDING:     Criminal appeal from the Muskingum
                             County Court of Common Pleas, Case No.
                             CR-2010-138

JUDGMENT:                    June 1, 2011

DATE OF JUDGMENT ENTRY:      Affirmed

APPEARANCES:

For Plaintiff-Appellee            For Defendant-Appellant

MICHAEL HADDOX                    ERIC J. ALLEN
MUSKINGUM COUNTY PROSECUTOR       Law Office of Eric J. Allen, Ltd.
27 North Fifth                    713 South Front
Zanesville, OH                    Columbus, OH  43206

*Gwin, P.J.*

{¶1} Defendant-appellant Joshua Burke appeals his sentence in the Muskingum County Court of Common Pleas on two counts of Violation of a Protection Order with a prior conviction, felonies of the fifth degree. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2} In July 2010 the Muskingum Grand Jury indicted appellant with four counts of Violation of a Protection Order with a prior conviction.[1] All four charges were fifth degree felonies. Prior to trial, a plea bargain was reached. Appellant agreed to plead guilty to Counts One and Two. In exchange for appellant's guilty plea, the Prosecutor agreed to enter a Nolle Prosequi to Counts Three and Four and recommend an aggregate sentence of ten months of incarceration. On September 8, 2010, appellant entered a plea of guilty to Counts One and Two as contained in the indictment. The court deferred sentencing and ordered a Pre-Sentence Investigation report.

{¶3} On October 18, 2010, appellant appeared in court for sentencing. After both counsel clarified their understanding of the terms of the plea bargain, the court imposed a sentence. The court verified appellant's criminal history and voiced its concerns about appellant's continuous violations of the law, and appellant's past and current conduct concerning the same victim. The court then rejected the Prosecutor's sentencing recommendation and sentenced appellant to consecutive sentences totaling twenty-two months of incarceration.

---

[1] A Statement of the Facts underlying appellant's original conviction is unnecessary to our disposition of this appeal. Any facts needed to clarify the issues addressed in appellant's assignment of error shall be contained therein.

{¶4}  It is from the trial court's October 22, 2010 sentencing entry that appellant has timely appealed raising as his sole assignment of error:

{¶5}  "I. THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING THE DEFENDANT TO MORE THAN THE AGREED UPON SENTENCE OF TEN MONTHS."

I.

{¶6}  Appellant claims the trial court erred in not sentencing him in accordance with a negotiated sentence. We disagree.

{¶7}  In order to determine whether a plea agreement has been breached, courts must examine what the parties reasonably understood at the time the defendant entered his guilty plea. See *United States v. Partida-Parra* (C.A.9, 1988), 859 F.2d 629; *United States v. Arnett* (C.A.9, 1979), 628 F.2d 1162. *Smith v. Stegall* (6th 2004), 385 F.3d 993, 999. Therefore, we must identify the terms of the plea agreement before we can determine if the state breached the agreement. *State v. Thompson,* 4th Dist. 03CA766, 2004-Ohio-2413; *State v. Winfield*, Richland App. No. 2005-CA-32, 2006-Ohio-721 at ¶ 25.

{¶8}  In the case at bar, the relevant portions of the plea agreement are that the state would nolle Counts Three and Four of the Indictment and recommend an aggregate sentence of ten months of incarceration. At the time of sentencing, the state had already amended the charges as promised and the state reiterated the recommendation it made when the guilty plea was taken. The state honored its agreement with appellant. Rather, the trial court declined to follow the recommendation.

{¶9} Trial courts are vested with discretion in implementing plea agreements. *Akron v. Ragsdale* (1978), 61 Ohio App.2d 107. A trial court does not err by imposing a sentence greater than 'that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor. *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 831 N.E.2d 430, 2005-Ohio-3674 at ¶6. (Internal quotation marks and citations omitted). See also, *State v. Wickham*, Muskingum App. No. CT 2006-0084, 2007-Ohio-1754 at ¶32.

{¶10} "Here, the defendant-appellant knew prior to the acceptance by the court of his plea that he might not receive the sentence recommended by the prosecutor. His 'bargain' for his plea was a *recommendation,* not a guarantee. He received what he bargained for. Neither he nor his counsel sought to withdraw his pleas of guilty in the four days from the entering of the plea and the pronouncement of a sentence. No one objected. Accordingly, we cannot find any error, let alone plain error". *State v. Barnhart* (Aug. 26, 1998), 7th Dist. No. 94 CA 192. *State v. Wickham*, supra at ¶ 34.

{¶11} In the case at bar, the trial court noted that appellant has an extensive criminal history dating back to 2003 including charges for voyeurism, indecent exposure, burglary, breaking and entering, possession of criminal tools, and menacing. Further, appellant has not responded favorably to previous criminal sanctions as evidenced by his extensive criminal history.

**{¶12}** The record in the case at bar establishes that appellant was informed in the written plea agreement prior to entering his plea that the trial court was not bound to follow the recommendation of the State concerning sentencing[2].

**{¶13}** It appears to this Court that the trial court's statements at the sentencing hearing were guided by the overriding purposes of felony sentencing to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.11. Based on the transcript of the sentencing hearing and the subsequent judgment entry, this Court cannot find that the trial court acted unreasonably, arbitrarily, or unconscionably, or that the trial court violated appellant's rights to due process under the Ohio and United States Constitutions in its sentencing appellant to consecutive sentences of incarceration.

**{¶14}** Accordingly, appellant's sole assignment of error is overruled.

---

[2] A transcript of appellant's change of plea hearing was not made a part of the record on appeal.

{¶15} For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.

By Gwin, P.J.,

Wise, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY

WSG:clw 0523

[Cite as *State v. Burke*, 2011-Ohio-2689.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                           :
                                        :
            Plaintiff-Appellee          :
                                        :
                                        :
                                        :
-vs-                                    :       JUDGMENT ENTRY
                                        :
JOSHUA BURKE                            :
                                        :
                                        :
            Defendant-Appellant         :       CASE NO. CT2010-55


        For the reasons stated in our accompanying Memorandum-Opinion, the

judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.

Costs to appellant.



                                        _____
                                        HON. W. SCOTT GWIN


                                        _____
                                        HON. JOHN W. WISE


                                        _____
                                        HON. PATRICIA A. DELANEY