[Cite as *State v. Fuller*, 2025-Ohio-4861.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 25 CAA 01 0006 |
| Plaintiff - Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Delaware County Court of Common Pleas, Case No. 24 CRI 04 0242 |
| JASON FULLER | Judgment: Affirmed |
| Defendant – Appellant | Date of Judgment Entry: October 23, 2025 |

**BEFORE:** Craig R. Baldwin, William B. Hoffman, Robert G. Montgomery, Appellate Judges

**APPEARANCES:** Melissa A. Schiffel, Delaware County Prosecuting Attorney, A. Case Thompson Legal Intern, Katheryn L. Munger, Assistant Prosecuting Attorney, for Plaintiff-Appellee; Jason Fuller, for Defendant-Appellant

OPINION

*Hoffman, J.*

{¶1}   Defendant-appellant Jason Fuller appeals the judgment entered by the Delaware County Common Pleas Court convicting him following his pleas of guilty to seven counts of endangering children (R.C. 2919.22(B)), and sentencing him to an aggregate term of incarceration of 210 months.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   Appellant is the natural father of the seven victims in this case.  When the children reached the age of six months, Appellant began "training" the children to obey his commands by squeezing them tightly in a body-lock until they stopped making noise. As the children learned to walk, Appellant trained them to come or go upon his command, striking them if they did not obey his order.   Appellant taught parenting seminars at his church on these techniques to teach infants to obey parents at an early age.

{¶3}   When Appellant's oldest son, O.D.F., was twelve years old, Appellant punished him by ordering him to sleep in a detached shed.  Appellant's son was given only a blanket, was forced to use the bathroom outside, and was given dog food to eat. He was only allowed to exit the shed to complete his chores and was required to eat an entire canister of dry dog food before he was allowed back in the house.  O.D.F. was once forced into isolation by Appellant for six weeks, confined to a sunroom except for using the bathroom.  During this time, O.D. F. was only allowed to speak twelve words a day.  Appellant once choked O.D.F. to the point of unconsciousness.  O.D.F. was once forced to run twelve miles, stopping when he passed out from heat exhaustion.  Because Appellant believed the child was not doing what he was told, Appellant then forced O.D.F.

to run four additional miles.  O.D.F. was once forced to do over 300 pushups as punishment, and was unable to hold a pen for days afterwards.

{¶4}   All the children were struck with a belt by Appellant.  The siblings would discuss the new colors they received from the beatings, describing the bruises as rich purple, dark blue, light pink, green, and yellow.  The eldest daughter described secret beltings, where she would go to the basement and Appellant would order her to pull down her underwear before beating her with the belt.

{¶5}   Appellant woke the children up in the middle of the night by pulling them out of bed by their hair.  He punished one child for not speaking clearly by forcing the child to put rocks in their mouth and hold their mouth open for an hour.  One of Appellant's daughters was forced to sit naked while her mother cut her hair and Appellant watched.

{¶6}   The older siblings witnessed Appellant "body-lock" the three youngest siblings and witnessed Appellant striking the younger children with paint sticks.  In addition to isolation as punishment, two of the younger children were forced to wash the dishes while tied anchored in the kitchen.

{¶7}   Appellant coached the children how to lie to law enforcement and children's services employees about the treatment in the home.  He warned them things would be worse for them if they were taken away and placed in foster care.

{¶8}   Two of the children received a medical diagnosis of torture.  Several of the children were diagnosed with post-traumatic stress disorder.  One of the children attempted suicide, and several reported having suicidal ideations.

{¶9}   Appellant was indicted by the Delaware County Grand Jury with eight counts of endangering children and one count of intimidation of an attorney, victim, or

witness.  Pursuant to a negotiated plea, Appellant entered a plea of guilty to seven counts of endangering children, one count as to each child victim, and the remaining two charges were dismissed.  After a sentencing hearing, the trial court sentenced Appellant to thirty months incarceration on each count, for an aggregate term of incarceration of 210 months.  It is from the December 17, 2024, judgment of the trial court Appellant prosecutes his appeal, assigning as error:

I.    EACH SENTENCE IS INCOMMENSURATE WITH OR DEMEANING TO THE SERIOUSNESS OF APPELLANT'S CONDUCT OR ITS IMPACT ON THE VICTIM, OR EACH SENTENCE IS GROSSLY INCONSISTENT WITH SENTENCES IMPOSED FOR SIMILAR CRIMES BY SIMILAR OFFENDERS.  THUS, EACH SENTENCE IS CONTRARY TO LAW OR VIOLATES DUE PROCESS, EQUAL PROTECTION, THE DOUBLE-JEOPARDY PROHIBITION, OR THE JURY PROTECTIONS UNDER ARTICLE I, SECTION 1, 10 OR 16 OF THE OHIO CONSTITUTION OR THE FIFTH, SIXTH OR FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION.

II. IN VIOLATION OF OHIO OR COMMON LAW, THE LOWER COURT FAILED TO MEANINGFULLY CONSIDER THAT APPELLANT'S WAR-BORN MENTAL CONDITION CONTRIBUTED TO EACH OFFENSE.

III.    APPELLANT'S CONSECUTIVE SENTENCES ARE DISPROPORTIONATE TO THE SERIOUSNESS OF HIS CONDUCT, MAKING HIS AGGREGATE SENTENCE CONTRARY TO LAW OR IN

VIOLATION OF DUE PROCESS, EQUAL PROTECTION, THE CRUEL-AND-UNUSUAL PUNISHMENT OR DOUBLE-JEOPARDY PROHIBITION, OR THE JURY PROTECTIONS UNDER ARTICLE I, SECTION 1, 9, 10, OR 16 OF THE OHIO CONSTITUTION OR THE FIFTH, SIXTH, EIGHTH, OR FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION.

IV. APPELLANT'S CONSECUTIVE SENTENCES ARE DISPROPORTIONATE TO THE DANGER HE POSES TO THE PUBLIC, MAKING HIS AGGREGATE SENTENCE CONTRARY TO LAW OR IN VIOLATION OF DUE PROCESS, EQUAL PROTECTION, THE CRUEL-AND-UNUSUAL PUNISHMENT OR DOUBLE-JEOPARDY PROHIBITION, OR THE JURY PROTECTIONS UNDER ARTICLE I, SECTION 1, 9, 10, OR 16 OF THE OHIO CONSTITUTION OR THE FIFTH, SIXTH, EIGHTH, OR FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION.

V. AS WRITTEN OR AS APPLIED, R.C. 2929.11(B) IS VOID FOR VAGUENESS IN VIOLATION OF DUE PROCESS UNDER ARTICLE I, SECTION 1, 10 OR 16 OF THE OHIO CONSTITUTION OR THE FIFTH OR FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION.

VI. AS WRITTEN OR AS APPLIED, R.C. 2929.14(C)(4) IS VOID FOR VAGUENESS IN VIOLATION OF DUE PROCESS UNDER ARTICLE I, SECTION 1, 10 OR 16 OF THE OHIO CONSTITUTION OR THE FIFTH OR FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION.

I., II.

{¶10} Appellant's first two assignments of error relate to the trial court's weighing of the statutory factors set forth in R.C. 2929.11 and R.C. 2929.12, and will be addressed together. In his first assignment of error, Appellant argues his sentences are contrary to law because the trial court imposed a sentence of thirty months incarceration on each count, failing to recognize his conduct in Count 2, which related to O.D.F., was more serious than his conduct in the remaining counts. He argues his sentence is not commensurate with sentences imposed in other similar cases. He also argues the trial court did not give appropriate weight to his military service.

{¶11} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts,* 2020-Ohio-6722, ¶13 (5th Dist.), *citing State v. Marcum,*2016-Ohio-1002. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *Id., citing State v. Bonnell,* 2014-Ohio-3177.

{¶12} When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 2013-Ohio-5025, ¶ 7 (8th Dist.).

{¶13} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state

or local government resources." R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id*. Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶14}** R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

**{¶15}** Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if the sentence is contrary to law.

**{¶16}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 2021-Ohio-1512, ¶¶ 14-16 (5th

Dist.).  Nothing prohibits a trial court from imposing different sentences upon individuals convicted of similar crimes.  *State v. Wickham*, 2007-Ohio-1754, ¶ 29.

**{¶17}**  In the instant case, the trial court stated it had considered the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12.  The sentences of thirty months of incarceration on each conviction were within the statutory range, which allowed a maximum of thirty-six months of incarceration on each count.  Contra to Appellant's argument, the trial court did expressly state it considered his military history.  Tr. 40.  Pursuant to *Jones*, we are not permitted to substitute our judgment for that of the trial court.  We find the sentence is not clearly and convincingly contrary to law.

**{¶18}**  The first and second assignments of error are overruled.

III., IV.

**{¶19}**  In his third and fourth assignments of error, Appellant argues the trial court erred in imposing consecutive sentences.  We disagree.

**{¶20}**  R.C. 2929.14(C)(4) provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶21}** The trial court must make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings, nor must it recite certain talismanic words or phrases in order to be considered to have complied. *State v. Bonnell*, 2014-Ohio-3177, syllabus.

**{¶22}** The Ohio Supreme Court has recently clarified the standard of review this Court is to apply in reviewing consecutive sentences:

Nowhere does the appellate-review statute direct an appellate court to consider the defendant's aggregate sentence. Rather, the appellate court must limit its review to the trial court's R.C. 2929.14(C)(4) consecutive-

sentencing findings. In this case, the court of appeals purported to review the trial court's findings. But much of its analysis focused on its disagreement with the aggregate sentence. The appellate court emphasized that Glover's aggregate sentence was "tantamount to a life sentence," 2023-Ohio-1153, 212 N.E.3d 984, ¶ 59 (1st Dist.), and determined that it was too harsh when compared with the sentences that the legislature has prescribed for what the court considered more serious crimes, *id*. at ¶ 97-98. To the extent that the court of appeals premised its holding on its disagreement with Glover's aggregate sentence rather than its review of the trial court's findings, it erred in doing so.

The statute does not permit an appellate court to simply substitute its view of an appropriate sentence for that of the trial court. An appellate court's inquiry is limited to a review of the trial court's R.C. 2929.14(C) findings. R.C. 2953.08(G)(2). Only when the court of appeals concludes that the record clearly and convincingly does not support the trial court's findings or it clearly and convincingly finds that the sentence is contrary to law is it permitted to modify the trial court's sentence. *Id*.

Thus, an appellate court may not reverse or modify a trial court's sentence based on its subjective disagreement with the trial court. And it may not modify or vacate a sentence on the basis that the trial court abused its discretion. Rather, the appellate court's review under R.C. 2953.08(G)(2)(a) is limited. It must examine the evidence in the record that supports the trial court's findings. And it may modify or vacate the sentence

only if it "clearly and convincingly" finds that the evidence does not support the trial court's R.C. 2929.14(C)(4) findings. R.C. 2953.08(G)(2)(a).

Though "clear-and-convincing" is typically thought of as an evidentiary standard, the General Assembly has chosen to use that standard as the measure for an appellate court's review of a trial court's R.C. 2929.14(C)(4) findings. As we have explained, "clear and convincing evidence" is a degree of proof that is greater than a preponderance of the evidence but less than the beyond-a-reasonable-doubt standard used in criminal cases. *Gwynne*, 2023-Ohio-3851, 231 N.E.3d 1109, at ¶ 14 (lead opinion), citing *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. The appellate-review statute does not require that the appellate court conclude that the record supports the trial court's findings before it may affirm the sentence. Rather, the statute only allows for modification or vacation only when the appellate court "clearly and convincingly finds" that the evidence does not support the trial court's findings. R.C. 2953.08(G)(2)(a). "This language is plain and unambiguous and expresses the General Assembly's intent that appellate courts employ a deferential standard to the trial court's consecutive-sentence findings. R.C. 2953.08(G)(2) also ensures that an appellate court does not simply substitute its judgment for that of a trial court." *Gwynne*, 2023-Ohio-3851, 231 N.E.3d 1109, at ¶ 15 (lead opinion).

**{¶23}** *State v. Glover,* 2024-Ohio-5195, ¶¶ 43-46.

**{¶24}** In its sentencing entry, the trial court found consecutive sentences necessary to protect the public from future crime or to punish Appellant, and consecutive sentences are not disproportionate to the seriousness of Appellant's conduct and to the danger he poses to the public. The trial court found at least two of the offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term adequately reflects the seriousness of Appellant's conduct.

**{¶25}** At the sentencing hearing, the trial court noted Appellant's conduct "defies belief." Tr. 36. The trial court described the treatment of the children, as set forth in the statement of facts above, and found Appellant treated the children as if they were "prisoners of war." Sent. Tr. 37. The court noted the tremendous psychological harm to the victims, as well as some physical harm. The trial court found Appellant used his profession as an attorney to facilitate the offenses, and while he had no prior convictions, he had not lived a law-abiding life given these offenses against the children had been ongoing for nearly twenty years. The trial court also noted Appellant violated the conditions of a no-contact order during the pendency of the case. We have reviewed the sentencing memorandum filed by both parties and the presentence investigation report filed in the instant case. We do not clearly and convincingly find the trial court's consecutive sentencing findings to be unsupported by the record.

**{¶26}** The third and fourth assignments of error are overruled.

V.

{¶27}  In his fifth assignment of error, Appellant argues R.C. 2929.11(B) is void for vagueness.  We disagree.

{¶28}  R.C. 2929.11(B) provides:

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶29} A statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice his or her contemplated conduct is forbidden, or if the statute encourages arbitrary and discriminatory enforcement. *Kolender v. Lawson,* 461 U.S. 352, 357 (1983). "[V]ague sentencing provisions may pose constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute." *United States v. Batchelder,* 442 U.S. 114, 123 (1979). However, sentencing guidelines are not intended to inform the offender of the consequences of violating a criminal statute, but rather are intended to serve as a guide for judges when imposing sentence upon a criminal defendant. *State v. Mushrush*, 135 Ohio App. 3d 99, 109 (1st Dist. 1999). Sentencing guidelines are not subject to attack on the basis they are void for vagueness.

*Beckles v. United States*, 580 U.S. 256, 265 (2017); *U.S. v. Salas*, 16 F. 3d 1223 (6th Cir. 1994).

**{¶30}** R.C. 2929.11 is a general judicial guide for sentencing.  *See, e.g., State v. Anthony, 2019-Ohio-5410, ¶* 71 (11th Dist.).  The statute is not a sentencing provision but is a sentencing guideline.  As such, the statute is not subject to an attack on the basis it is void for vagueness.

**{¶31}** The fifth assignment of error is overruled.

VI.

**{¶32}** In his sixth assignment of error, Appellant argues R.C. 2929.14(C)(4) is unconstitutionally vague.  We disagree.

**{¶33}** R.C. 2929.14(C)(4) provides in pertinent part:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single

prison term for any of the offenses committed as part of any of the courses

of conduct adequately reflects the seriousness of the offender's conduct.

**{¶34}** The critical question in all cases alleging a statute is void for vagueness is whether the law affords a reasonable individual of ordinary intelligence fair notice and sufficient definition and guidance to enable him to conform his conduct to the law. *City of Norwood v. Horney*, 2006-Ohio-3799, ¶ 86. The void for vagueness doctrine does not require statutes to be drafted with scientific precision. *State v. Anderson*, 57 Ohio St.3d 168, 174 (1991). When examining a statute for vagueness, it should be measured against three values: 1.) to provide fair warning to the ordinary citizen so their behavior may comport with the statute, 2.) to preclude arbitrary, capricious, and generally discriminatory enforcement by officials, and 3.) to ensure fundamental constitutionally protected freedoms are not unreasonably impinged or inhibited. *State v. Tanner,* 15 Ohio St.3d 1, 3 (1984).

**{¶35}** A statute may be challenged as being facially unconstitutional, or unconstitutional as applied to the particular party. *Arbino v. Johnson & Johnson,* 2007-Ohio-6948, ¶ 26. An as-applied challenge alleges application of the statute in a particular factual context is unconstitutional. *Id*. "A party raising an as-applied constitutional challenge must prove by clear and convincing evidence that the statute is unconstitutional when applied to an existing set of facts." *Groch v. GMC*, 2008-Ohio-546, ¶ 181.

**{¶36}** Appellant argues the statute is void for vagueness on its face because it does not give an ordinary citizen notice they can be subject to consecutive sentences for harm committed to members of their private family, as opposed to harm committed to

members of the general public.  As applied specifically to him, he argues he is not a danger to the general public, but only to members of his private family, and thus the statute is unconstitutionally vague as applied to him.

**{¶37}**  R.C. 2929.14(C)(4) requires the court to find consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.  The statute requires weighing of the seriousness of the offender's conduct and the danger he poses to the public together.  Thus, if the danger to the general public is minimal, but the seriousness of the conduct is great, consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.  In the instant case, the seriousness of Appellant's conduct was immense, as set forth at length by the trial court at the sentencing hearing.  Further, we reject Appellant's argument he creates no danger to the general public for acts committed only against his family members.  Appellant's children are both members of his private family and members of the general public at the same time, and the trial court could find Appellant posed a danger to the general public by virtue of the actions committed against his children in this case.

**{¶38}**  We find Appellant has not demonstrated by clear and convincing evidence R.C. 2929.14(C)(4) is void for vagueness on its face or as applied.  The sixth assignment of error is overruled.

**{¶39}** The judgment of the Delaware County Common Pleas Court is affirmed. Costs are assessed to Appellant.

By: Hoffman, J.

Baldwin, P.J. and

Montgomery, J. concur