OPINION
{¶ 1} On July 28, 2005, appellant, Donald Bartram, was charged with driving under the influence in violation of R.C.4511.19(A)(1).
 {¶ 2} On October 14, 2005, appellant filed a motion to suppress. By judgment entry filed October 19, 2005, the trial court denied the motion as untimely.
 {¶ 3} On December 1, 2005, appellant pled no contest. The trial court found appellant guilty and by judgment entry filed same date, sentenced appellant to one hundred eighty days, one hundred sixty-five suspended.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "WAS IT PREJUDICIAL ERROR FOR THE TRIAL COURT TO IMPOSE A HIGHER SENTENCE THAN STIPULATED?"
 II {¶ 6} "WAS IT PREJUDICIAL ERROR FOR THE COURT TO DENY DEFENDANT'S MOTION FOR LEAVE OF COURT TO FILE HIS MOTION TO SUPPRESS AND IN LIMINE OUT OF RULE?"
 I {¶ 7} Appellant claims the trial court erred in not sentencing him in accordance with a negotiated sentence. We disagree.
 {¶ 8} Trial courts are vested with discretion in implementing plea agreements. Akron v. Ragsdale (1978), 61 Ohio App.2d 107. A trial court does not err by imposing a sentence greater than "that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor." State v.Pettiford, Fayette App. No. CA2001-08-014, 2002-Ohio-1914, at 3, citing State v. Darmour (1987), 38 Ohio App.3d 160. In fact, Crim.R. 11 "does not contemplate that punishment will be a subject of plea bargaining, this being a matter either determined expressly by statute or lying with the sound discretion of the trial court." State v. Mathews (1982), 8 Ohio App.3d 145, 146.
 {¶ 9} From the record of the plea, it is clear the state's recommendation was "180 days in jail with, I think it's 171 suspended, 9 actual days to serve, which you could serve on weekends." December 1, 2005 T. at 1. Appellant suggested "some innovative sentencing" as follows:
 {¶ 10} "Atty. Kingsley: Yes, your Honor. What, we understand the Court would, is asking the original sentence I believe is three days in a DIP and three two-day weekends, makes it a total of nine days in the regard. My client presently works, moonlighting, for Madison Township. * * * He does the mechanics work for the Madison Township Trustees on weekends on a straight hourly rate. We were going to suggest it would be appropriate to make the remaining jail sentence beyond the three days a community service issue. As I look at it, he would owe 144 hours in jail, which is 18 days, 8-hour days. My client charges those people $25 an hour. He's offering to perform those services for, gratuitously for 18 days, which would save them $3,600 if the Court would think that would be appropriate. He's doing something that's good for them and you can contact the Trustees, Ed Wetherell at, uh, Madison. They'd be happy to do that. That was our suggestion. And he's got to go to, he's got a fruitful thing to do, they can save some money and he's still not going out anywhere and community service is good." Id. at 5 and 6.
 {¶ 11} The state pointed out this was appellant's third OVI conviction, there was an accident and personal and property damage, and therefore "jail time would be appropriate." Id. at 7. After listening to the arguments, the trial court determined a negotiated plea no longer existed, and sentenced appellant to "180 days jail, with 165 suspended, you have 15 days to serve. * * * I don't mind if you serve the other 12 days on weekends." Id. at 9-10. Appellant objected and wanted the original negotiated sentence of nine actual days. Id. at 13.
 {¶ 12} This is a simple case of appellant seeking to have his cake and eat it too. He agreed to a negotiated plea and then attempted to change it to community service unilaterally and specifically against the mandatory requirements of the statute. Appellant attempted an end-run around the agreement while the prosecutor was not present until the trial court insisted on his presence. Id. at 4.
 {¶ 13} Upon review, we concur with the trial court that appellant attempted to change his plea and was in fact in violation of the plea agreement and therefore, the trial court was free to sentence appellant under the statutory guidelines.
 {¶ 14} Assignment of Error I is denied.
 II {¶ 15} Appellant claims the trial court erred in finding his motion to suppress and motion in limine were untimely. We disagree.
 {¶ 16} Crim.R. 12 governs pleadings and motions. Subsection (D) states, "All pretrial motions except as provided in Crim. R. 7(E) and 16(F) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions."
 {¶ 18} Appellant was arraigned on August 3, 2005 and his jury trial was set for December 1, 2005. The motions to suppress and in limine were filed on October 14, 2005. Pursuant to Crim.R. 12(D), the final date for the filing of such motions would have been September 7, 2005. We therefore conclude the trial court did not err or abuse its discretion in finding the motions untimely. In addition, by pleading no contest, the issues involving the motion in limine would not have been perfected.
 {¶ 19} Assignment of Error II is denied.
 {¶ 20} The judgment of the Municipal Court of Fairfield County, Ohio is hereby affirmed.
By Farmer, J. Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Fairfield County, Ohio is affirmed.