**[Cite as *State v. Dennis*, 2022-Ohio-2320.]**

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                      |   | JUDGES:                     |
|----------------------|---|-----------------------------|
| STATE OF OHIO        | : | Hon. W. Scott Gwin, P.J.    |
|                      | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee   | : | Hon. Craig R. Baldwin, J.   |
|                      | : |                             |
| -vs-                 | : |                             |
|                      | : | Case No. CT2021-0050        |
| HAKEEM DENNIS        | : |                             |
|                      | : |                             |
| Defendant-Appellant  | : | OPINION                     |

CHARACTER OF PROCEEDING: Criminal appeal from the Muskingum County Court of Common Pleas, Case No. CR2021-0199

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: July 1, 2022

APPEARANCES:

For Plaintiff-Appellee

RONALD WELCH
Prosecuting Attorney
BY: TAYLOR P. BENNINGTON
Assistant Prosecutor
27 North Fifth St., Box 189
Zanesville, OH 43702-0189

For Defendant-Appellant

JAMES S. SWEENEY
285 South Liberty Street
Powell, OH 43065

*Gwin, P.J.*

{¶1} Defendant-appellant Hakeem Dennis ["Dennis"] appeals his conviction and sentence after a negotiated guilty plea in the Muskingum County Court of Common Pleas.

*Facts and Procedural History*

{¶2} On March 30, 2021 at 10:21 p.m., Probation Officer Matt Gibson from the Muskingum County Court went to 110 Eagleview Drive to conduct a probation check on one of his probationers, Keneesha Gaitlin. Miss Gaitlin answered the door. Officer Gibson went inside and immediately noticed a gun box on the kitchen counter. He also noticed the odor of burnt marijuana inside the residence. When the officer opened up the gun box, he saw a loaded magazine and earplugs inside the box but not the firearm[1].

{¶3} Dennis walked up from the back of the apartment. Miss Gatlin identified him as her boyfriend. Dennis advised the officer, "man, there isn't a gun in here and that's the box from the gun I just went to prison for."

{¶4} Officer Gibson had deputies arrive at the scene, and conducted a search of the premises. Officers located the loaded firearm, with a second loaded magazine, inside of a kitchen counter drawer just next to the refrigerator. The firearm was in a drawer that had articles of U.S. mail that had been sent to Dennis at the address where Miss Gatlin lives as well as a different address in Columbus, Ohio. Dennis did not live with Miss Gatlin.

{¶5} When speaking with Miss Gatlin she advised the firearm had to be Dennis's because it was not hers and she did not have any idea that it was in the house. She also mistakenly believed that the box that the gun was in was actually a toolbox. She said that

---

[1] The facts are taken from the state's recitation of facts during Dennis's plea hearing on June 9, 2021.

Dennis had stayed at her apartment the night before and he was going to stay there again that evening. Dennis admitted that he had previously been convicted of burglary in Franklin County, Ohio in October 2013. That would place him under disability. Dennis was subsequently arrested.

{¶6} On April 14, 2021, Dennis was indicted on one count of Having Weapons While Under Disability, a felony of the third degree, in violation of R.C. 2923.13(A)(2). On June 9, 2021, Dennis entered a plea of guilty to the sole count.

{¶7} On August 11, 2021, a sentencing hearing was held before the trial judge. Before sentencing, Dennis orally moved to withdraw his plea. Dennis contended that he pleaded guilty because of his trial attorney's incompetent performance. Dennis argued that his trial attorney was not entirely familiar with the facts of the case or the rules of criminal procedure. Dennis asserted that he was not comfortable with his plea under these circumstances and that he wanted to withdraw his plea. Dennis also asserted that he was actually innocent of the charges because he had not possessed a firearm. Dennis told the trial judge,

> At that time, sir, I believe that since I am on PRC that me being around a firearm was indeed a violation. Which I cannot get around. I accept. I am on parole. And I'm not allowed to be around a firearm. But at this time, I'm facing criminal charges for possessing the firearm.

Plea T. at 7. Dennis maintained that he did not possess the firearm. Id.

{¶8} The trial court denied the motion to withdraw the plea.

{¶9} Dennis was sentenced to a stated prison term of 12 months; the trial court further revoked Dennis's post-release control and imposed the time remaining of approximately 800 days.  Plea T. at 13-14.

*Assignments of Error*

{¶10} Dennis raises three Assignments of Error,

{¶11} "I. HAKEEM DENNIS DID NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY PLEAD GUILTY TO ESCAPE,[2] [sic.] IN VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTION.

{¶12} "II.  THE TRIAL COURT ERRED BY DENYING DENNIS'S MOTION TO WITHDRAW HIS GUILTY PLEA, IN VIOLATION OF DENNIS'S DUE PROCESS RIGHTS PURSUANT TO THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

{¶13} "III. THE STATE OF OHIO VIOLATED DENNIS'S DUE PROCESS RIGHTS AND ITS OBLIGATIONS UNDER THE PLEA AGREEMENT."

I.

{¶14} In his First Assignment of Error, Dennis claims the trial court failed to inform him before accepting his guilty plea that any time for violating his post-release control ("PRC") would have to be imposed consecutively to any time he received for his new felony.  [Appellant's brief at 5].

---

[2] Dennis pled guilty to, and was sentenced for, one count of Having Weapons While Under Disability, a felony of the third degree, in violation of R.C. 2923.13(A)(2).  Plea T. at 10.

Standard of Review

**{¶15}** Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily.  Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C).   *State v. Ballard*, 66 Ohio St.2d 473, 475, 423 N.E.2d 115(1981), *citing State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163(1977).

**{¶16}**   The constitutional rights are: (1) a jury trial; (2) confrontation of witnesses against him; (3) the compulsory process for obtaining witnesses in his favor; (4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot be compelled to testify against himself.  *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 19.  If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid.  Id. at ¶ 31.

**{¶17}**   The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing.  Crim.R. 11(C)(2); *Veney* at ¶ 10-13; *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 423 N.E.2d 1224, ¶ 19-26, (post-release control is a non-constitutional advisement).

**{¶18}**   In *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, the Ohio Supreme Court held a trial court must inform a defendant who is on post-release control and is pleading guilty to a new felony offense of the trial court's authority to revoke

the defendant's post-release control and impose a prison term consecutively to any term of imprisonment it imposes for that new felony offense. *Accord, State v. Krouskoupf*, 5th Dist. Muskingum No. CT2018-0020, 2019-Ohio-806.

**{¶19}** For the non-constitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the non-constitutional rights did not substantially comply with Crim.R. 11(C)(2) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶ 15; *State v. Stewart*, 51 Ohio St.2d 86, 93, 364 N.E.2d 1163(1977).

**{¶20}** When reviewing a plea's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero,* 56 Ohio St.3d 106, 108-109, 564 N.E.2d 474(1990); *State v. Lebron,* 8th Dist. Cuyahoga No. 108825, 2020-Ohio-1507, ¶9; *State v. Groves,* 5th Dist. Fairfield Nos. 2019 CA 00032, 2019 CA 00033, 2019-Ohio-5025,¶7.

Issue for appellate review: *Whether the trial court informed Dennis before accepting his guilty plea to an offense he committed while on post- release control that pursuant to R.C. 2929.141(A)(1) a sentence for a post-release control violation must be served consecutively to the sentence for the newly committed offense.*

**{¶21}** In the case at bar, the following exchange occurred between the trial judge and Dennis during the Change of Plea hearing,

THE COURT:  You understand that a plea of guilty on this case and a finding of guilty could lead to a violation of your PRC time and could lead to an imposition of however long you have on post-release control, however many days you have left on PRC, that could be added mandatory consecutive to this case or one year, whichever is greater.  And it's mandatory consecutive time.  Do you understand that charge and possible penalties along with the PRC?

THE DEFENDANT: Yes, sir.

THE COURT:  In spite of that, you want to go forward with your plea?

THE DEFENDANT:  Yes, sir.

Plea T. at 5-6.  In *State v. Bishop*, the Ohio Supreme Court explained,

We must also consider the specifics of R.C. 2929.141.  That statute provides that when a defendant who is on post-release control is convicted of or pleads guilty to a new felony, the trial court may terminate the post-release control term and convert it into additional prison time.  R.C. 2929.141(A)(1).  This additional penalty is often referred to as a "judicial sanction."  *See, e.g., State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 25.  The additional term can be as long as the greater of 12 months or the amount of time that remained on the existing post-release-control term.  R.C. 2929.141(A)(1).  *The court is not required to impose an additional prison term for the violation.  See* id.  But if it does, the defendant must serve the additional term consecutively to the prison term for the new felony.  Id.

156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶13 (emphasis added).

**{¶22}** While the precise wording may be somewhat clumsy, the trial judge correctly informed Dennis that a plea of guilty to the having weapons while under disability charge could lead to a violation of his post- release control time on the Franklin County case. Plea T. at 5-6. The trial court further correctly informed Dennis that if the trial court terminated his post- release control, his remaining post-release control time is mandatory, consecutive time. Id.

**{¶23}** A trial court need only substantially comply with the non-constitutional advisements listed in Crim.R. 11(C)(2). "'If the trial judge partially complied, e.g., by mentioning mandatory post-release control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect.' Id." *Bishop* at ¶ 19, quoting *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶ 32.

**{¶24}** At the time he attempted to withdraw his guilty plea, Dennis had not yet been sentenced. Dennis's argument to the trial court was not that he was unaware that he would have to serve his post-release control time on the Franklin County case consecutive to the Muskingum County case if the trial court were to terminate his post-release control. Rather, Dennis's objection was that he did not, "feel completely comfortable with [entering a guilty plea] and immediately expressed to my attorney I wanted to withdraw my plea 30 days before this court date...As well as all else, I have a complete defense in criminal law 2923.13 and the facts of the case that I do not [sic.] possess this gun." Plea T. at 5-6. As we have previously noted, Dennis did not dispute that he had violated his post-release control. Plea T. at 7.

**{¶25}** The trial judge substantially complied with Crim.R. 11's mandates for non-constitutional rights. It appears from the record before this Court that Dennis has not demonstrated any prejudicial effect or that he in fact relied upon any supposed ambiguity concerning the mandatory, consecutive nature of his post-release control time.

**{¶26}** Dennis's First Assignment of Error is overruled.

II.

**{¶27}** In his Second Assignment of Error, Dennis argues that the trial court abused its discretion by overruling his oral motion to withdraw his guilty plea made before sentencing.

Standard of Review

**{¶28}** Crim. R. 32.1 governs motions to withdraw guilty pleas and provides in pertinent part: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing, however; a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. *State v. Hamilton*, 5th Dist. Muskingum No. CT2008–0011, 2008–Ohio–6328, ¶ 32, *citing State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), at paragraph one of the syllabus.

**{¶29}** The trial court's decision to grant or deny a motion to withdraw a guilty plea is vested within the sound discretion of the court, and will not be reversed by an appellate court unless the trial court abused its discretion. *Xie, supra*, at paragraph two of the syllabus.

**{¶30}** An abuse of discretion can be found where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence. *Tennant v. Gallick,* 9th Dist. Summit No. 26827, 2014-Ohio-477, ¶35; In *re Guardianship of S .H.*, 9th Dist. Medina No. 13CA0066–M, 2013–Ohio–4380, ¶ 9; *State v. Firouzmandi,* 5th Dist. Licking No. 2006–CA–41, 2006–Ohio–5823, ¶54.

**{¶31}** Issue for appellate review: *Whether Dennis articulated a reasonable and legitimate reason to withdraw his guilty plea before sentencing.*

**{¶32}** In *Florida v. Nixon*, the United States Supreme Court made the following observation,

> A defendant, this Court affirmed, has "the ultimate authority" to determine "whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal." *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *Wainwright v. Sykes*, 433 U.S. 72, 93, n. 1, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (Burger, C.J., concurring). Concerning those decisions, an attorney must both consult with the defendant and obtain consent to the recommended course of action.
>
> * * *
>
> While a guilty plea may be tactically advantageous for the defendant, *Boykin [v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)], at 240, 89 S.Ct. 1709, the plea is not simply a strategic choice; it is "itself a conviction," id., at 242, 89 S.Ct. 1709, and the high stakes for the defendant require "the utmost solicitude," id., at 243, 89 S.Ct. 1709. Accordingly,

counsel lacks authority to consent to a guilty plea on a client's behalf, *Brookhart v. Janis*, 384 U.S. 1, 6-7, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966); moreover, a defendant's tacit acquiescence in the decision to plead is insufficient to render the plea valid, *Boykin*, 395 U.S., at 242, 89 S.Ct. 1709.

534 U.S. 175, 187-188, 125 S.Ct. 551, 160 L.Ed.2d 565(2004).

**{¶33}** The entry of a plea of guilty is a grave decision by an accused to dispense with a trial and allow the state to obtain a conviction without following the otherwise difficult process of proving his guilt beyond a reasonable doubt. *See Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473(1962). A plea of guilty constitutes a complete admission of guilt. Crim. R. 11(B)(1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." *United v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 762, 102 L.Ed.2d 927(1989).

**{¶34}** Further, evidence of a written waiver form signed by the accused is strong proof that the waiver was valid. *State v. Clark*, 38 Ohio St.3d 252, 261, 527 N.E.2d 844, 854(1988); *see North Carolina v. Butler*, 441 U.S. 369, 374-375, 99 S.Ct. 1755, 1758-1759, 60 L.Ed.2d 286, 293(1979); *State v. Dennis*, 79 Ohio St.3d 421, 425, 1997-Ohio-372, 683 N.E.2d 1096, 1102(1997). Dennis signed such a written waiver in the case at bar.

**{¶35}** With respect to statements made during change of plea hearings, the United States Supreme Court has stated, "the representation of the defendant, his lawyer, and the prosecutor in such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn

declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Machibroda v. United States*, 368 U.S. 487, 497, 82 S.Ct. 510, 515(1962).

**{¶36}** In *State v. Xie*, the Court set the standard to be used when reviewing a presentence motion to withdraw a guilty plea. The Court first noted that when the motion is made before sentencing, the motion should be freely and liberally granted. The Court also recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing. Therefore, the *Xie* Court concluded the trial court must conduct a hearing to determine *whether there is a "reasonable and legitimate"* basis for the withdrawal of the plea in view of "all the circumstances" surrounding the original guilty plea." 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992) (emphasis added).

**{¶37}** In the case at bar, Dennis first claimed his attorney was incompetent because he did not raise a "Rule 52-B, the fact that I did not have a preliminary hearing or he or myself did not waive that right." Plea T. at 5. Crim.R. 52(B) is the "plain error" rule.

**{¶38}** In the case at bar, Dennis was directly indicted by the Muskingum County Grand jury. There is no constitutional right to a preliminary hearing, and, when an indictment is returned by a grand jury, a hearing is no longer required. *State v. Morris,* 42 Ohio St.2d 307, 326, 329 N.E.2d 85(1975); Crim.R. 5(B).

**{¶39}** Dennis next told the trial judge that he, Dennis, did not "possess" the firearm.

**{¶40}** R.C. 2923.13, Having weapons while under disability provides, in relevant part, "(A) Unless relieved from disability under operation of law or legal process, no person shall knowingly *acquire, have, carry, or use* any firearm or dangerous ordnance.... (Emphasis added).

**{¶41}** To "have" a firearm within the meaning of R.C. 2923.13(A), a person must have actual or constructive possession of it. *State v. Davis*, 8th Dist. Cuyahoga No. 104221, 2016-Ohio-7964, ¶ 13, *citing State v. Adams*, 8th Dist. Cuyahoga No. 93513, 2010-Ohio-4478, ¶ 19. *Accord, State v. Donley*, 2nd Dist. Montgomery Nos. 26654; 26655; 26656, 2017-Ohio-562, ¶53, *citing State v. Fleming,* 2nd Dist. Clark No. 2014-CA-136, 2015-Ohio-5382, ¶26.

**{¶42}** "'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). R.C. 2901.21 provides the requirements for criminal liability and provides that possession is a "voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for sufficient time to have ended possession." R.C. 2901.21(D)(1).

**{¶43}** Possession may be actual or constructive. *State v. Butler*, 42 Ohio St.3d 174, 176, 538 N.E.2d 98(1989); *State v. Haynes*, 25 Ohio St.2d 264, 267 N.E.2d 787(1971); *State v. Hankerson*, 70 Ohio St.2d 87, 434 N.E.2d 1362(1982), *certiorari denied*, 459 U.S. 870, 103 S.Ct. 155, 74 L.Ed.2d 130(1982), syllabus. To establish constructive possession, the evidence must prove that the defendant was able to exercise dominion and control over the contraband. *State v. Wolery*, 46 Ohio St.2d 316, 332, 348

N.E.2d 351(1976).  Dominion and control may be proven by circumstantial evidence alone.  *State v. Trembly*, 137 Ohio App.3d 134, 738 N.E.2d 93(8th Dist. 2000).

**{¶44}** Circumstantial evidence that the defendant was located in very close proximity to the contraband may show constructive possession.  *State v. Butler, supra; State v. Barr*, 86 Ohio App.3d 227, 235, 620 N.E.2d 242, 247-248(8th Dist. 1993); *State v. Morales*, 5th Dist. Licking No. 2004 CA 68, 2005-Ohio-4714, ¶ 50; *State v. Moses*, 5th Dist. Stark No. 2003CA00384, 2004-Ohio-4943, ¶ 9.  Ownership of the contraband need not be established in order to find constructive possession.  *State v. Smith*, 9th Dist. Summit No. 20885, 2002-Ohio-3034, ¶ 13, *citing State v. Mann*, 93 Ohio App.3d 301, 308, 638 N.E.2d 585(8th Dist. 1993).

**{¶45}** Furthermore, possession may be individual or joint.  *Wolery,* 46 Ohio St.2d at 332, 348 N.E.2d 351.  Multiple individuals may constructively possess a particular weapon simultaneously.  *State v. Pitts*, 4th Dist. Scioto No. 99 CA 2675, 2000-Ohio-1986.  The Supreme Court has held that knowledge of illegal goods on one's property is sufficient to show constructive possession.  *State v. Hankerson*, 70 Ohio St.2d 87, 91, 434 N.E.2d 1362, 1365(1982), *certiorari denied*, 459 U.S. 870, 103 S.Ct. 155, 74 L.Ed.2d 130(1982).

**{¶46}** The statement of facts recited by the state during Dennis's change of plea hearing establish that a gun box was in plain view when entering the apartment.  The firearm was found in a drawer with mail addressed to Dennis both at the premises where the firearm was found and at a location in Columbus, Ohio.  Dennis was present in the apartment when law enforcement officers discovered the firearm.  The tenant of the

apartment claimed she knew nothing about the firearm. She also claimed Dennis was her boyfriend.

{¶47} A review of the record reveals that Dennis did not set forth any factual basis for his contention that he had a defense to the charge. Accordingly, Dennis failed to set forth a reasonable and legitimate basis for the withdrawal of his plea.

{¶48} The trial court did not abuse its discretion in overruling Dennis's motion to withdraw his plea of guilty.

{¶49} Dennis's Second Assignment of Error is overruled.

III.

{¶50} In his Third Assignment of Error, Dennis argues the state breached its plea agreement with him. Specifically, after agreeing to a joint recommendation that Dennis receive a twelve-month sentence, the state informed the trial court before sentencing that Dennis had time remaining on post-release control and indicated it would defer to the court on that matter.

Standard of Review

{¶51} The determination of whether there has been a breach of a valid plea agreement rests within the sound discretion of the trial court. *State v. Manko,* 5th Dist. Stark No. 2000CA00022, 2000 WL 1174226(Aug. 14, 2000) *citing*, State *v. Mathews*, 8 Ohio App.3d 145, 146, 456 N.E.2d 539(10th Dist. 1982).

{¶52} In the case at bar, Dennis concedes that he did not bring the error to the attention of the trial court. [Appellant's brief at 9]. He therefore asks this Court to review this as plain error.

**{¶53}** Recently, the Ohio Supreme Court reviewed the plain error standard of review to be utilized by appellate courts,

> Under this standard, the defendant bears the burden of "showing that but for a plain or obvious error, the outcome of the proceeding would have been otherwise, and reversal must be necessary to correct a manifest miscarriage of justice." *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16. An appellate court has discretion to notice plain error and therefore "is not required to correct it." *Rogers* at ¶ 23.

*State v. West,* Slip Op. No. 2020-0978, 2022-Ohio-1556, ¶ 22.

**{¶54}** Issue for appellate review: *Whether the state breached its agreement with Dennis resulting in a manifest miscarriage of justice.*

**{¶55}** During the change of plea hearing, the following exchange occurred,

> THE COURT: You understand, Mr. Dennis, that in exchange for your plea of guilty, there is a joint recommendation that you be sentenced to twelve months in prison? Is that your understanding of the joint recommendation?
>
> THE DEFENDANT: Yes, sir.

Plea T. at 8. The trial court further cautioned,

> THE COURT: You understand this joint recommendation is not binding on this Court and, at sentencing, I do not have to follow it?
>
> THE DEFENDANT: Yes, sir.

Plea T. at 8.

{¶56} At sentencing, the state noted the joint recommendation for twelve months. Sent. T. at 3. However, the state further remarked, that Dennis is on post-release control and "it's the Court's discretion to impose that time or not. I had indicated I'll defer to the Court on that at the time of the plea." Id.

{¶57} Trial courts are vested with discretion in implementing plea agreements. *Akron v. Ragsdale*, 61 Ohio App.2d 107, 399 N.E.2d 119(9th Dist. 1978). A trial court does not err by imposing a sentence greater than "that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor." *State v. Pettiford*, 12th Dist. Fayette No. CA2001-08-014, 2002-Ohio-1914, at *3, *citing State v. Darmour*, 38 Ohio App.3d 160, 529 N.E. 2d 208(8th Dist. 1987); *State v. Bartram*, 5th Dist. Fairfield No. 05CA106, 2006-Ohio-3505, ¶ 7. In fact, Crim.R. 11 "does not contemplate that punishment will be a subject of plea bargaining, this being a matter either determined expressly by statute or lying with the sound discretion of the trial court." *State v. Mathews*, 8 Ohio App.3d 145, 146, 456 N.E.2d 539(10th Dist. 1982)*; State v. Bartram, supra*. *Accord State v. Wickham*, 5th Dist. Muskingum No. CT2006-0084, 2007-Ohio-1754 ¶32.

{¶58} In the case at bar, Dennis was explicitly informed that the trial judge was not bound by the twelve-month joint *recommendation*. The trial judge was informed during the change of plea hearing that Dennis was on post-release control out of Franklin County. Plea T. at 5. Dennis was informed prior to entering his plea of guilty that post-release control could be terminated and any time imposed would be consecutive to the twelve months.

**{¶59}** The state did in fact recommend a twelve-month sentence on the having weapons while under disability charge. Sent. T. at 3. The trial court did in fact sentence Dennis to twelve months for the having weapons while under disability charge. Sent. T. at 12. Prior to imposing sentence, the trial court had the benefit of a Pre-sentence Investigation Report listing Dennis's prior offenses and prison sentences dating back to 2007. Sent. T. at 9.

**{¶60}** Based upon a thorough review of the record, we find the state did not breach its plea agreement with Dennis. We further find that Dennis has failed to demonstrate that a manifest miscarriage of justice occurred when the trial judge sentenced him to serve the remaining 800 days for the violation of his post-release control consecutive to the twelve-month sentence on the having weapons while under disability charge.

**{¶61}** Dennis's Third Assignment of Error is overruled.

{¶62} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Baldwin, concur