[Cite as *State v. Smith*, 2024-Ohio-430.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                      |   | JUDGES:                      |
|----------------------|---|------------------------------|
| STATE OF OHIO        | : | Hon. W. Scott Gwin, P.J.     |
|                      | : | Hon. William B. Hoffman, J.  |
| Plaintiff-Appellee   | : | Hon. Andrew J. King, J.      |
|                      | : |                              |
| -vs-                 | : |                              |
|                      | : | Case No. 23AP0004            |
| BRADLEY SMITH        | : |                              |
|                      | : |                              |
| Defendant-Appellant  | : | OPINION                      |

CHARACTER OF PROCEEDING:    Appeal from the Morgan County Court of Common Pleas, Case Nos. 18CR0065, 19CR0024 & 22CR0038

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    February 7, 2024

APPEARANCES:

For Plaintiff-Appellee

MARK HOWDYSHELL
Assistant Prosecuting Attorney
109 East Main Street
McConnelsville, OH 43756

For Defendant-Appellant

BRIAN W. BENBOW
265 Sunrise Center Drive
Zanesville, OH 43701

*Gwin, P.J.*

{¶1} This matter comes before the Court upon the Motion to Withdraw and *Anders* brief filed by counsel for Defendant-appellant Bradley T. Smith [Smith] after his convictions and sentences following negotiated guilty pleas in the Morgan County Court of Common Pleas.

*Facts and Procedural History*

{¶2} This case begins on January 4, 2019 with Smith's written plea of guilty to one count of Receiving Stolen Property a felony of the fourth degree in violation of R.C. 2913.51(A) / (C) and one count of Escape, a felony of the third degree in violation of R.C. 2921.34 (A)(1)(C)(2)(b) in Morgan County Court of Common Pleas Case Number 18 CR 0065. By Judgment Entry filed January 9, 2019, the trial court accepted Smith's plea, found him guilty and deferred sentencing.

{¶3} Smith failed to appear for sentencing and a capias was issued for his arrest. By Judgement Entry filed February 21, 2019, the trial judge sentenced Smith to eighteen months on the receiving stolen property conviction and thirty-six months on the escape conviction, with the sentences to run concurrently. Smith was further advised he would serve three years community control supervision upon his release from prison. The trial judge advised Smith of the consequences should he violate the terms of his post release control.

{¶4} On April 4, 2019, in Morgan County Court of Common Pleas, Case No. 19 CR 0024, Smith was Indicted for one count of Failure to Appear in Case No. 18 CR 0065, a felony of the fourth degree in violation of R.C. 2937.99 (A) / (B).

{¶5} By Journal Entry filed January 6, 2020, the trial court granted Smith's application for Judicial Release in Case Number 18 CR 0065. The judge sentenced Smith to five years Community Control, retroactive to the date of the original sentencing on February 19, 2019; restitution in the amount of $1,500.00 and court costs.

{¶6} On May 28, 2020 in Case Number 19 CR 0024, Smith filed a written guilty plea to one count of Failure to Appear. The trial judge accepted Smith's plea, found him guilty and sentenced Smith to five years of community control supervision. Smith was advised of the consequences should he be found to have violated the terms of community control supervision.

{¶7} On April 13, 2021, the state filed a Motion to Revoke Smith's Community Control Supervision in Case Number 18 CR 0065. By Judgment Entry filed September 22, 2021, Smith waived a final hearing on his community control violation and admitted to the violation. The trial judge accepted the admission, found Smith guilty and modified his community control supervision to include a requirement that Smith enter and complete the STAR program, and thereafter attend and participate in substance abuse counseling with Cedar Ridge.

{¶8} A motion to revoke community control supervision in Case No. 18 CR 0065 was filed on March 15, 2022. On March 15, 2022, a motion to revoke community control supervision in Case No. 19 CR 0024 was filed.

{¶9} On April 24, 2022 in Morgan County Court of Common Pleas Case Number 22 CR 0038, Smith was Indicted on one count of Failure to Comply with the Order of a Police Officer, and, in doing so, causing a substantial risk of harm to persons or property, a felony of the third degree in violation of R.C. 2921.331 (B) / (C) (5)(a) (ii). On October

13, 2022, Smith filed a written plea of guilty. The trial judge accepted the plea and found Smith guilty by Judgment Entry filed October 14, 2022. The trial judge granted Smith's request for a recognizance bond, deferred sentencing and order the preparation of a pre-sentence investigation report. T. *Plea Hearing*, Oct. 12, 2022 at 20-21.

{¶10} Also, on October 12, 2022, Smith admitted the violations of community control supervision in Case Numbers 18 CR 0065 and 19 CR 0024. T. *Plea Hearing*, Oct. 12, 2022 at 6-7. The trial court found Smith guilty and deferred sentencing. C*ommunity Control Hearing Entry*, filed October 17, 2022.

{¶11} The trial judge held a sentencing hearing in Case Numbers 18 CR 0065, 19 CR 0024 and 22 CR 0038 on February 28, 2023. In addition, the trial judge conducted an arraignment regarding new charges that are not part of this appeal.[1]

{¶12} The state asked the judge to impose maximum consecutive sentences. Smith objected arguing that the plea agreement did not include his consent to maximum consecutive sentences. T. *Arraignment and Sentencing*, February 28, 2023 at 9-10. Smith argued that the parties had agreed to an eighteen-month sentence "give or take a few days." Id. at 11-12. Smith's attorney requested a continuance to deal with the surprise regarding the state's position. Id. at 11. The trial judge orally denied the oral motion to continue.

{¶13} In Case Number 22 CR 0038, for failure to comply in violation of R.C. 2921.331, a felony of the third degree, the trial judge sentenced Smith to 36 months in prison. T. *Arraignment and Sentencing*, February 28, 2023 at 16. The judge gave Smith zero days of jail time credit toward this sentence. Id.

---

[1] Morgan County Court of Common Pleas, Case Number 23 CR 0009.

**{¶14}** In Case Number 19-CR-0024, for failure to appear in violation of R.C. 2937.99, a felony of the fourth degree, the trial judge sentenced Smith to 18 months in prison. T. *Arraignment and Sentencing*, February 28, 2023 at 15-16. The trial judge gave Smith 309 days of jail time credit toward this sentence. Id. at 15.

**{¶15}** In Case Number 18 CR 0065, for escape, in violation of R.C. 2921.34, a felony of the third degree, the trial judge sentenced Smith to 36 months in prison. For receiving stolen property, in violation of R.C. 2913.51, a felony of the fourth degree, the trial judge sentenced Smith to 18 months in prison. These sentences were ordered to be served concurrently to each other but consecutive to the sentences in Case No. 19 CR 0024 and 22 CR 0058. T. *Arraignment and Sentencing*, February 28, 2023 at 15-16. The trial judge gave Smith 823 days of jail time credit toward his sentence in Case Number 18 CR 0065. Id. at 15.

**{¶16}** The trial judge ordered the sentences in all three cases were to run consecutive. Id. at 16.

*Proposed Assignment of Error*

**{¶17}** Smith's attorney has set forth four Proposed Assignments of Error,

**{¶18}** "I. THE COURT ERRED IN IMPOSING A SENTENCE THAT WAS GROSSLY DISPROPORTIONATE TO APPELLANT'S CONDUCT AND NOT IN ACCORDANCE WITH STATUTES GOVERNING FELONY SENTENCING AND WHICH SENTENCE DEMONSTRATES AN UNNECESSARY BURDEN ON STATE RESOURCES.

**{¶19}** "II. THE TRIAL COURT FURTHER ERRED BY IMPOSING MAXIMUM CONSECUTIVE SENTENCES, WHICH SENTENCE WAS GREATER THAN

PREVIOUSLY AGREED UPON BY THE PARTIES IN BREACH OF THE PRIOR PLEA AGREEMENT.

**{¶20}** "III. THE TRIAL COURT ERRED BY NOT CONTINUING THE SENTENCING HEARING WHEN THE STATE OF OHIO ASKED THE COURT FOR A MAXIMUM CONSECUTIVE SENTENCE IN VIOLATION OF THE PRIOR PLEA AGREEMENT.

**{¶21}** "IV. APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL PURSUANT TO *STRICKLAND V. WASHINGTON* (1984), 466 U.S. 668, 80 L.ED.2D 674, 104 S.CT. 2052."

**{¶22}** Smith's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We informed Smith by Judgment Entry filed August 30, 2023 that his attorney had filed an *Anders* brief on his behalf and granted him sixty days from that date, i.e. October 30, 2023, to file a pro se brief. *Judgment Entry*, filed October 16, 2023. Smith has not filed a pro se brief.

### Standard of Review - *Anders v. California*

**{¶23}** In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. 386 U.S. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine

if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.

**{¶24}** *"Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. "An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Pullen,* 2nd Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4; *State v. Marbury,* 2nd Dist. Montgomery App. No. 19226, 2003-Ohio-3242, ¶ 7-8; *State v. Chessman,* 161 Ohio App.3d 140, 829 N.E.2d 748, 2005-Ohio-2511 (2nd Dist.), ¶ 16-17 (quoting the same)." *State v. Moore*, 2nd Dist. Greene App. No. 07-CA-97, 2009-Ohio-1416, ¶4.

I.

**{¶25}** In the First Proposed Assignment of Error, counsel posits that Smith's sentence may be disproportionate to his crimes and a squandering of state resources.

**{¶26}** This Court, as well as others, have rejected Smith's argument. *See, State v. Leasure,* 5th Dist. Ashland No. 2011-COA-031, 2012-Ohio-318, ¶29 (collecting cases). We find that Smith was given numerous opportunities to avoid prison and by his actions rejected all the alternatives. We further find Smith's sentence is not disproportionate to his conduct or an unnecessary burden on state resources.

**{¶27}** Upon our own independent review, we find nothing in the record to support an argument that appellant's sentence is disproportionate to his conduct, not in accordance with relevant sentencing statutes, or an unnecessary burden on state resources.

II.

**{¶28}** In his Second Proposed Assignment of Error, counsel suggests that the sentence imposed was not the sentence agreed upon by the state and Smith during plea negotiations.

*Plea Agreement*

**{¶29}** A trial court does not err by imposing a sentence greater than "that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor." *State v. Pettiford,* 12th Dist. Fayette No. CA2001-08-014, 2002-Ohio-1914, ¶ 3, *citing State v. Darmour*, 38 Ohio App.3d 160, 529 N.E.2d 208 (1987). In fact, Crim.R. 11 "does not contemplate that punishment will be a subject of plea bargaining, this being a matter either determined expressly by statute or lying with the sound discretion of the trial court." *State v. Mathews*, 8 Ohio App.3d 145, 146, 456 N.E.2d 539(10th Dist. 1982). *Accord State v. Batram*, 5th Dist. Fairfield No. 05CA106, 2006-Ohio-3505, ¶8.

**{¶30}** In the case at bar, the trial judge informed Smith prior to accepting his guilty plea that he was "not obligated to follow that recommendation." T. *Plea Hearing*, Oct. 12, 2022 at 12-13. Smith told the judge that he understood that the judge was not obligated to follow the agreement. Id.

{¶31} In any event, the failure of Smith to appear at the sentencing hearing is generally held to be a breach of the plea agreement. Neither the agreement nor the court must inform the defendant that failure to appear at sentencing constitutes a breach of the agreement. *Payton v. Clipper,* N.D. Ohio E.D. No. 3:12CV476, 2014 WL 6750686 (Dec. 1, 2014), ¶11-12; *State v. Adkins,* 161 Ohio App.3d 114, 2005-Ohio-2577, 829 N.E.2d 729 (4th Dist.), ¶8-9; *State v. Anderson,* 4th Dist. Scioto No. 19 CA 3871, 2020-Ohio-6912, ¶10; *State v. Allison,* 6th Dist. Huron No. H-23-001, 2023-Ohio-4573, ¶17-18; *State v. Doyle,* 5th Dist. Muskingum No. 00 CA 15, 2001 WL 361013 (Apr. 5, 2001); *State v. Snell,* 7th Dist. Wood No. WD-18-004, 2019-Ohio-1033, ¶13. Accordingly, Smith's failure to appear for the sentencing hearing breached the plea agreement and relieved the state of any obligation under the agreement.

*Maximum and consecutive sentences*

{¶32} In accordance with R.C. 2953.08(A)(1), Smith is entitled to appeal as of right the maximum sentence imposed on his conviction. A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial court record, including any oral or written statements and presentence-investigation reports. R.C. 2953.08(F)(1) through (4). We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or

2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶28.

Issue for Appellate Review: *Whether Smith's sentence was imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12*

### R.C. 2929.11, R.C. 2929.12 and Maximum Sentences

{¶33} A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 10, 16; *State v. Taylor*, 5th Dist. Richland No. 17CA29, 2017-Ohio-8996, ¶16. "[N]either R.C. 2929.11 nor 2929.12 requires [the] court to make any specific factual findings on the record." *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 20, *citing State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31, and *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). In *State v. Bryant*, the Court clarified,

> The narrow holding in *Jones* [163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649] is that R.C. 2953.08(G)(2) does not allow an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *See Jones* at ¶ 31, 39. Nothing about that holding should be construed as prohibiting appellate review of a sentence when the claim is that the sentence was improperly imposed based on impermissible considerations—i.e.,

considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12. Indeed, in *Jones*, this court made clear that R.C. 2953.08(G)(2)(b) permits appellate courts to reverse or modify sentencing decisions that are "'otherwise contrary to law.'" *Jones* at ¶ 32, quoting R.C. 2953.08(G)(2)(b). This court also recognized that "otherwise contrary to law" means "'in violation of statute or legal regulations at a given time.'" Id. at ¶ 34 *quoting* Black's Law Dictionary 328 (6th Ed. 1990). Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law. Claims that raise these types of issues are therefore reviewable.

168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶22.

**{¶34}** In the case at bar, Smith was arraigned on a new charge in Morgan County Court of Common Pleas, Case No. 23-CR-0009, prior to his sentencing in the three cases herein under consideration on appeal. *T. Arraignment and Sentencing*, Feb. 28, 2023 at 3-4. The trial judge considered the purposes and principles of sentencing. Id. at 13;14. The judge found that none of the offenses merged. Id. 14-15. The trial judge noted that the state rejected the plea agreement because Smith failed to appear and was charged with new criminal cases. The trial judge noted the number of criminal charges and the number of times Smith failed to appear.

**{¶35}** Further, in this case the record also does support a conclusion that the trial court made all of the findings required by R.C. 2929.14(C)(4) at the time it imposed consecutive sentences. *T. Arraignment and Sentencing*, Feb. 28, 2023 at 16-17.

**{¶36}** Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. The record does not demonstrate that the trial judge imposed the sentence based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12. Further, the record contains evidence supporting the trial court's findings under R.C. 2929.14(C)(4).

**{¶37}** Thus, after independently reviewing the record we find no arguably meritorious issues exist with respect to whether Smith's sentence was contrary to law.

III.

**{¶38}** In his Third Proposed Assignment of Error, counsel for Smith suggests that the trial judge erred by not granting Smith a continuance based upon the state's rescission of the plea agreement.

**{¶39}** The Ohio Supreme Court has stated pre-sentence motions to withdraw a guilty plea "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521 at 584, 584 N.E.2d 715. That does not mean, however, a defendant has an absolute right to withdraw a guilty plea prior to sentencing. Id. at paragraph one of the syllabus. There must be "a reasonable and legitimate basis for withdrawal of the plea." Id. The decision to grant or deny a pre-sentence plea withdrawal motion is within the trial court's sound discretion. Id.

**{¶40}** Smith breached the plea agreement when he failed to appear for sentencing as discussed in our disposition of Smith's Second Proposed Assignment of Error. Thus, it was Smith's own actions, not those of the state or the trial judge, that resulted in the

rescission of the plea agreement. Further, Smith did not move on the record to withdraw his previously entered pleas.

**{¶41}** Thus, the trial judge did not err when he overruled Smith's motion for a continuance to discuss whether he should withdraw his previously entered guilty plea because Smith was not able to establish "a reasonable and legitimate basis for withdrawal of the plea." *State v. Xie*, 62 Ohio St.3d 521 at 584, 584 N.E.2d 715. Nor could he establish that he perhaps was not guilty or has a complete defense to the charges. *State v. Cuthbertson*, 139 Ohio App.3d 895, 899, 746 N.E.2d 197 (7th Dist. 2000).

**{¶42}** Upon our own independent review, we find nothing in the record to support an argument that the trial judge abused his discretion by denying Smith's request for a continuance of the sentencing hearing.

IV.

**{¶43}** In his Fourth Proposed Assignment of Error, counsel for Smith suggests that Smith received ineffective assistance from trial counsel.

### Standard of Appellate Review.

**{¶44}** To obtain a reversal of a conviction on the basis of ineffective assistance of counsel, the defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding. *Strickland v. Washington*, 466 U.S. 668, 687–688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693(1984). A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other. *Strickland* at 697, 104 S.Ct. at 2069, 80 L.Ed.2d at 699; State *v. Madrigal*, 87 Ohio St.3d 378, 2000-Ohio-448, 721 N.E.2d 52 (2000).

{¶45}  Nothing in the record before this Court suggests that Smith was prejudiced by trial counsel's representation. Accordingly, Smith cannot meet his burden to demonstrate that as a result of counsel's failures the result of the proceeding would have been different.

{¶46}  Upon our own independent review, we find nothing in the record to support an argument that Smith was prejudiced by trial counsel's representation.

**Conclusion**

{¶47}  After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We therefore find the appeal to be wholly frivolous under *Anders.*

{¶48}  Attorney Brian W. Benbow's motion to withdraw as counsel for Smith is hereby granted.

{¶49}  The judgment of the Morgan County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Hoffman, J., and

King, J., concur