[Cite as *State v. Drain*, 2020-Ohio-701.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio            Court of Appeals No. WD-19-015

      Appellee           Trial Court No. 2018CR0391

v.

Andrew Anthony Drain        **DECISION AND JUDGMENT**

      Appellant           Decided: February 28, 2020

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

W. Alex Smith, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This appeal arises from appellant's February 4, 2019 sentence to a five-year term of incarceration following appellant's conviction on one count of aggravated burglary, in violation of R.C. 2911.11, a felony of the first degree, ordered to be served

concurrently with appellant's sentence for the accompanying community control violation. In this appeal, appellant does not contest the propriety of the conviction or sentence.

{¶ 2} Rather, the instant appeal is centered upon appellant's objection to appellee's utilization of a package deal plea bargain proposal that was contingent upon the acceptance of both defendants. Appellant accepted the plea offer, but the co-defendant [appellant's father] rejected the package proposal. This rejection necessitated both defendants thereafter proceeding to trial. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 3} Appellant, Andrew Anthony Drain, sets forth the following assignment of error:

1. Prosecutorial misconduct was committed by not allowing the defendant to accept a plea offer independent of the co-defendant.

{¶ 4} The following undisputed facts are relevant to this appeal. On August 1, 2018, appellant and his father went to a home in the village of West Millgrove, Ohio, in which an acquaintance and former co-worker of the men resided. The men forcibly entered the home, confronted the victim and his girlfriend, and absconded with a mobile phone before fleeing the premises.

{¶ 5} On September 6, 2018, appellant was indicted on one count of aggravated burglary, in violation of R.C. 2911.11, a felony of the first, degree. The above-described incident triggered a community control violation also being filed against appellant.

2.

{¶ 6} At a pretrial conference, appellee offered Thomas Drain, the burglary co-defendant and appellant's father, a package plea deal in which the aggravated burglary offenses pending against both men would be reduced from a first degree felony to a fourth degree felony contingent upon both men agreeing to the package plea deal. Appellant failed to appear for this pretrial conference. The co-defendant did appear at the pretrial and he rejected the package plea proposal.

{¶ 7} Appellant subsequently learned of the package plea proposal rejected by his father and wanted to accept it. However, because the plea offer had been a package deal, contingent upon the acceptance of both defendants, and because appellee had failed to appear at the pretrial where the offer was presented to the co-defendant, given the co-defendant's rejection of the package plea proposal, the cases for both defendants were then set for jury trial.

{¶ 8} On January 29, 2018, appellant's jury trial commenced. On January 30, 2018, appellant was found guilty and sentenced to a five-year term of incarceration, ordered to be served concurrently with appellant's sentence on the corresponding community control violation. This appeal ensued.

{¶ 9} In the sole assignment of error, appellant maintains that it was improper for appellee to offer the plea proposal on a package deal basis, conditional upon the acceptance of the plea offer by both defendants.

{¶ 10} Notably, appellant offers no legal authority in support of this position. Rather, appellant presents unsupported, subjective statements on appeal. For example, appellant states, "[H]ow can a prosecutor make an offer to a defendant contingent on the

3.

actions of the co-defendant, [a] person completely out of the defendant's control?"

Appellant summarily concludes, "Plea offers *should be* confined to individual

defendants." (Emphasis added.)

{¶ 11} In addition, appellant submits an unpersuasive analogy in support of this

appeal. Appellant states that he, "*[A]cknowledges that one does not have a right to plea*

*bargain.* However, it is in the similar vein as sliding in baseball. A baserunner doesn't

have to slide but if he does, he must do so legally." (Emphasis added.) We are not

convinced.

{¶ 12} Ohio courts have consistently affirmed the legitimacy of offering package

plea bargain proposals in an effort to resolve pending criminal cases. As stated in *State v.*

*Darling*, 8th Dist. Cuyahoga No. 104517, 2017-Ohio-7603, ¶ 24, *"[A] defendant is not*

*deprived of due process where an offer of a plea bargain is conditioned on acceptance by*

*co-defendants     * * * It is well-established that there is no constitutional right to*

*engage in plea bargaining * * * Package deal plea offers are not per se unconstitutional."*

(Emphasis added.)

{¶ 13} Similarly, in *State v. Franks*, 9th Dist. Summit No. 18767, 1998 WL

696777 (Oct. 7, 1998), the defendant asserted that it was improper to condition a plea

bargain proposal on the acceptance of it by a co-defendant. In holding adverse to

appellant's position, the *Franks* court held that, "[T]here is no constitutional right to plea

bargain * * * [I]t is the prosecutor's prerogative to offer a package deal or no deal at all

* * * *since the decision to offer a plea or proceed to trial lies within the discretion of the*

4.

*prosecutor, [the] defendant is essentially arguing that he was denied a right which does not exist in the first place.*" *Franks* at ¶ 3. (Emphasis added.)

{¶ 14} We likewise find that appellant's position in the instant appeal is without merit. It is prefaced upon appellant's legally unsupported claim of entitlement to be offered a plea bargain on a felony criminal case on an individual basis, upon the rejection of a package plea proposal by the co-defendant. No such right exists. Wherefore, we find appellant's assignment of error not well-taken.

{¶ 15} On consideration whereof, we find that substantial justice has been done in this matter. The judgment of the Wood County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                    _____
                                                        JUDGE

Thomas J. Osowik, J.

Arlene Singer, J.                                  _____
CONCUR.                                                      JUDGE

                                                           _____
                                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.