[Cite as *State v. Bender*, 2023-Ohio-486.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                      Court of Appeals No.  OT-22-019

     Appellee                                       Trial Court No.  21 CR 002

v.

Robertson Bender, Jr.                         **DECISION AND JUDGMENT**

     Appellant                                     Decided:  February 17, 2023

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney,
Thomas A. Matuszak and Barbara Galle Rivas, Assistant
Prosecuting Attorneys, for appellee.

W. Alex Smith, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a May 2, 2022 judgment of the Ottawa County Court

of Common Pleas, sentencing appellant to a five-year total term of incarceration,

following appellant's convictions on five counts of trafficking in crack cocaine, in

violation of R.C. 2925.03, felonies of the fourth degree, three counts of drug possession, in violation of R.C. 2925.11, felonies of the fifth degree, and one count of having weapons while under disability, in violation of R.C. 2923.13, a felony of the third degree. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Robertson Bender, Jr., sets forth the following sole assignment of error:

> I.  [Appellant] received ineffective assistance [of counsel] from his first set of lawyers.

{¶ 3} The following undisputed facts are relevant to this appeal.  On December 16, 2020, law enforcement officers in Ottawa County obtained a search warrant for appellant's Port Clinton home.  The search warrant was secured following several successful undercover drug buys from appellant, who law enforcement had discovered was engaging in drug trafficking, while simultaneously acting as a D.E.A. confidential informant.

{¶ 4} Consistent with the preceding undercover drug buys, the officers executing the search warrant recovered approximately $1,980.00 in cash, four grams of crack cocaine, 13 oxycodone pills, a drug weighing scale, and a DVR camera recording system, all reflective of the drug trafficking activities.

{¶ 5} On January 7, 2021, appellant was indicted on five counts of trafficking in crack cocaine, in violation of R.C. 2925.03, felonies of the fourth degree, three counts of

2.

drug possession, in violation of R.C. 2925.11, felonies of the fifth degree, and one count of having weapons while under disability, in violation of R.C. 2923.13, a felony of the third degree. Counsel was appointed to represent appellant.

{¶ 6} On January 28, 2021, appellant retained private counsel, who then filed a notice of substitution of counsel. On March 15, 2021, counsel for appellant filed a motion to suppress. On April 29, 2021, during the pendency of the motion to suppress, appellant retained new private counsel.

{¶ 7} On August 6, 2021, the trial court conducted the motion to suppress hearing. During the hearing, counsel for both sides presented joint stipulations and then submitted the matter to the trial court as decisional based upon their briefs. On October 7, 2021, appellant's motion to suppress was denied.

{¶ 8} On December 14, 2021, following the motion to suppress denial, appellant retained a third, successive private counsel. On March 4, 2022, a hearing was held, during which the respective, anticipatory appellate positions of both parties were articulated to the trial court.

{¶ 9} At the hearing, appellee explained that due to the unique, special circumstances of this case, adverse to appellant, it was determined that no plea bargain offer was warranted, and accordingly, none was made. In conjunction, appellee imparted the absence of any constitutional, compulsory right of a defendant to receive a plea bargain offer, regardless of the other considerations.

3.

{¶ 10} Conversely, counsel for appellant unilaterally maintained that prior counsel did not advise appellant that the filing of a motion to suppress could foreclose a plea bargain offer by appellee, irrespective of the lack of a right to receive one. Specifically, the transcripts reflect that appellee stated, "As the court is aware, *the defendant has no constitutional right to plea negotiations in a criminal case and there were none in this case*." (Emphasis added). Appellee elaborated, "I had informed [appellant's counsel] that *once a motion to suppress is filed, there will be no plea negotiations. That is standard practice in the Ottawa County Prosecutor's Office*." (Emphasis added). In addition, at the final pretrial, after appellant's motion to suppress had been denied, in response to an inquiry, counsel for appellee reiterated, "*For the fourth or fifth time, there will be no plea negotiations*." (Emphasis added).

{¶ 11} Appellee further explained that, "The defendant in this case was serving as an informant for the DEA out of the Toledo office while at the same time buying and selling drugs out of his home here in Ottawa County, so he was a rogue informant. And given his [extensive] criminal history, we were not [going] to give him any slack whatsoever." In turn, appellant maintained, "I want the court to know on the record that [prior counsel] never told [appellant] essentially the ultimatum that if we file the motion to suppress, there will not be a plea offer extended."

{¶ 12} At the conclusion of the hearing, appellant requested that a change of plea hearing be scheduled for purposes of appellant entering guilty pleas to all of the pending

4.

charges. On March 17, 2022, the change of plea hearing was conducted. During the change of plea hearing, appellant candidly conveyed to the trial court, "I want to throw myself at the mercy of the court. I must add that I am wholeheartedly disappointed and ashamed for my poor judgment and bad decision-making. Please forgive me * * * But when you break the law, those are the consequences you have to endure." Appellant conceded, "I was in possession of the firearm. The firearm was pawned to me * * * as collateral for money and crack cocaine * * * I acknowledge the fact that I was in the vicinity of a school [when selling crack cocaine] * * * I was in possession of 13 oxycodone tablets * * * I will be forfeiting $5,580 and a 38 caliber semi-automatic handgun." A presentence investigation was ordered.

{¶ 13} On May 2, 2022, the sentencing hearing was conducted. Counsel for appellee requested that an eight-year total term of incarceration be imposed. Counsel for appellant acknowledged appellant's considerable criminal history, including prior felony convictions. Ultimately, a lesser, five-year total term of incarceration was imposed. This appeal ensued.

{¶ 14} In the sole assignment of error, appellant contends that he received ineffective assistance of counsel. We do not concur.

{¶ 15} In support of this appeal, appellant opines, "Ever since the birth of our country, defendants have relied upon the advice of sound, competent counsel." Appellant next summarily concludes that the record of evidence demonstrates ineffective assistance

5.

of counsel, while simultaneously making the paradoxical concession of having engaged in assumptions in reaching that conclusion that are, "*obviously speculative*." (Emphasis added). Appellant further argues, "The State didn't say that it simply wasn't extending an offer, *which is their prerogative*, they specifically stated that no offer was extended because of the motion to suppress." (Emphasis added). Appellant offers no legal authority in support of the suggested notion that the filing of a motion to suppress in any way operates to abrogate the discretion of appellee to exercise their prerogative to not extend a plea bargain offer.

{¶ 16} It is well-established that in order to demonstrate ineffective assistance of counsel, one must satisfy a two-pronged test. First, it must be shown that counsel's representation was deficient in some specific way, falling below an objective standard of reasonableness. If the first prong is satisfied, then it must be shown that, but for the demonstrated deficiency, the outcome of the case would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 90 L.Ed.2d 674 (1984). In conjunction, appellate courts must be highly deferential and retain a strong presumption that counsel's conduct fell within the range of reasonable professional assistance when reviewing ineffective assistance of counsel claims. *Id*. at 689. Further, as held by this court in *State v. Jackson*, 6th Dist. Sandusky No. S-20-036, 2021-Ohio-4619, ¶ 17, "A properly licensed attorney in Ohio is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Tactical, strategic decisions do not constitute a meritorious basis

6.

of an ineffective assistance of counsel claim. *State v. Phillips*. 74 Ohio St.3d 72, 656 N.E.2d 643 (1995)."

{¶ 17} As applied to the instant case, the crux of appellant's appeal is the unilateral claim, which has no basis in the record of evidence, that past counsel did not convey to appellant the possibility that appellee could elect to decline to make a plea bargain offer in this case.

{¶ 18} In an analogous ineffective assistance of counsel appeal, likewise premised upon an alleged deficient failure to communicate to the defendant by trial counsel, the Second District Court of Appeals determined that such claims are not reviewable upon appeal given their premise upon privileged attorney-client communications which, therefore, have no basis in the record of evidence, and thus cannot be evaluated for veracity by reviewing the record.

{¶ 19} In *State v. Lawson*, 164 N.E.3d 1130, 2020-Ohio-6852 (2d Dist.), ¶ 106, the court determined that, "*A claim of lack of communication between the defendant and his trial counsel is not one that can be borne out by the record. It relies upon information necessarily outside the record, and is therefore not an issue we can review on direct appeal.*" (Emphasis added).

{¶ 20} In addition, as regards the core fact underlying appellant's claim upon appeal, the failure of appellee to offer plea negotiations in this case, as held by this court in *State v. Drain*, 6th Dist. Wood No. WD-19-015, 2020-Ohio-701, ¶ 13,

7.

In *State v. Franks*, 9th Dist. Summit No. 18767, 1998 WL 696777 (Oct. 7 1998) * * * the court held, '*There is no constitutional right to a plea bargain * * * it is the prosecutor's prerogative to offer a package deal or no deal at all since the decision to offer a plea or proceed to trial lies within the discretion of the prosecutor, defendant is essentially arguing that he was denied a right which does not exist in the first place.*' *Franks* at ¶ 3. (Emphasis added).

{¶ 21} An application of the above-discussed guiding legal parameters to the facts of this case reflects appellant's position upon appeal to be without merit.

{¶ 22} The first prong of the *Strickland* test requires demonstration that trial counsel's representation was deficient in a specific way. In this case, appellant maintains that prior counsel was deficient for allegedly failing to convey to appellant the possibility that no plea bargain offer would be made upon the filing of a motion to suppress.

{¶ 23} However, as articulated in *Lawson*, such claims are inherently unable to be tested against the record of evidence, as they are premised upon privileged attorney-client communications, information which is not contained in the record in of evidence. Given these circumstances, the first prong of the *Strickland* test cannot even arguably be demonstrated.

{¶ 24} Regardless, even assuming arguendo that the first prong of *Strickland* could be established in this case, because there is no underlying constitutional, compulsory

8.

right of a defendant to be offered a plea bargain, it still cannot be demonstrated that the outcome of the case would have been different, but for the exclusion of an action, the alleged failure to advise of the possibility of no plea bargain offer being made, to which appellant has no right to receive. Accordingly, we find that appellant has not demonstrated either prong of the *Strickland* test, upon which the merits of this appeal are grounded.

{¶ 25} Wherefore, we find appellant's assignment of error not well-taken. The judgment of the Ottawa County Court of Common Pleas is hereby affirmed. Appellant is order to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                              _____
                                                                  JUDGE
Christine E. Mayle, J.

                                                            _____
Myron C. Duhart, P.J.                                   JUDGE
CONCUR.

                                                            _____
                                                                  JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.