[Cite as *State v. Allison*, 2023-Ohio-4573.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio                                    Court of Appeals No.  H-23-001

     Appellee                            Trial Court No.  CRI 2020-0970

v.

Johnny Otis Allison                       **DECISION AND JUDGMENT**

     Appellant                           Decided:  December 15, 2023

* * * * *

James Joel Sitterly, Huron County Prosecuting Attorney, and
Barry R. Murner, Assistant Prosecuting Attorney, for appellee.

Henry Schaefer, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a December 20, 2022 judgment of the Huron County

Court of Common Pleas, sentencing appellant to a 36-month total term of incarceration,

following appellant's negotiated plea to one count of aggravated vehicular assault, in

violation of R.C. 2903.08(A)(1), a felony of the third degree, one amended count of attempted aggravated vehicular assault, in violation of R.C. 2903.08(A)(1) and R.C. 2923.02(A), a felony of the fourth degree, and one count of operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1), a misdemeanor of the first degree.

{¶ 2} In exchange for the above-described pleas, an additional count of operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1), a misdemeanor of the first degree, was dismissed. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 3} Appellant, Johnny Otis Allison, sets forth the following two assignments of error:

I. The trial court erred when it failed to enforce a plea agreement and when the court deviated from the plea agreement[,] when the court had become a party to that agreement.

II. Counsel was ineffective for failing to object to the court's failure to enforce a plea agreement.

{¶ 4} The following undisputed facts are relevant to this appeal. On August 27, 2019, appellant consumed alcohol, including several glasses of vodka, while away from his job on his lunch break. Subsequently, when driving back to work on State Rt. 61 in

2.

Huron County, appellant drove his pickup truck left of the centerline and collided with an SUV travelling in the opposite direction.

{¶ 5} The collision caused serious injuries to both the driver of the SUV, a grandmother who was en route to her granddaughter's birthday party, as well as to appellant's co-worker, who was a passenger in appellant's pickup truck. Emergency responders dispatched to the scene of the accident noted that appellant smelled strongly of alcohol and disclosed having consumed alcohol shortly before the accident. The post-accident blood alcohol test of appellant performed at the hospital reflected appellant's B.A.C. to be .148.

{¶ 6} On January 10, 2020, based upon the above-described events, appellant was indicted on two counts of aggravated vehicular assault, in violation of R.C. 2903.08(A)(1), felonies of the third degree, and two counts of operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1), misdemeanors of the first degree.

{¶ 7} On July 8, 2022, pursuant to a negotiated plea agreement, a change of plea hearing was conducted. The trial court conveyed that the plea agreement reached between the parties reflected that appellant would be entering guilty pleas to one count of aggravated vehicular assault, one amended, reduced count of attempted vehicular assault, and one count of operating a motor vehicle while under the influence of alcohol. In exchange for pleas to two of the four counts, and one count as amended to a lesser

3.

offense, the fourth count would be dismissed. It was further noted that appellee intended to recommend at sentencing hearing a 29-month total term of incarceration, with the possibility of early judicial release. Appellant affirmed his understanding of the plea agreement.

{¶ 8} The trial court then inquired of appellant, "Do you swear or affirm the testimony you are about to give to be the truth, the whole truth, and nothing but the truth, so help you God?" Appellant replied, "Yes, sir." Later in the course of the proceedings, the trial court inquired of appellant, "[A]re you otherwise presently on probation, parole or community control?" Appellant unequivocally replied, "No, sir."

{¶ 9} Subsequent to the change of plea hearing, it was discovered that appellant had given untruthful testimony to the trial court during the above-quoted exchange. Appellee learned that appellant was on probation in Indiana for another OVI offense, had a pending probation violation offense in Indiana, and had also been placed on probation in Illinois one-month prior to the change of plea hearing in this case for an OVI offense in Illinois. The Illinois OVI offense triggered the Indiana probation violation.

{¶ 10} Accordingly, on September 6, 2022, appellee filed a motion for the revocation of appellant's bond. In support, appellee notified the trial court that it had come to appellee's attention that, "On or about August 29, 2022, [appellee] learned that [appellant] was incarcerated in Vermillion County, Indiana for a probation violation as a result of an OVI conviction in Clark County, Illinois. On or about November 12, 2021,

4.

[appellant] pled guilty to an OVI in Vermillion County, Indiana, Case No. 83C01-2106-CM-00016 (Ex. 1). On or about June 6, 2022, [appellant] pled guilty to aggravated driving under the influence of alcohol in Clark County Illinois, Case No. 2021CF77 (Ex. 2). [Appellant] was sentenced to two year[s] of probation."

{¶ 11} Thus, at the time of appellant's July 8, 2022, change of plea hearing in this case, during which appellant stated under oath that he was not otherwise on probation, appellant was, in truth, on probation in both Indiana and Illinois for additional OVI offenses which had occurred during the pendency of this case. Given these facts and circumstances, appellee's motion was granted and appellant's bond was revoked. On September 8, 2022, appellant failed to appear at the sentencing hearing in this case. Sentencing was reset.

{¶ 12} On December 20, 2022, appellant was sentenced. At the outset, appellee reiterated the intervening discovery of the Indiana and Illinois OVI convictions and probation, unknown to appellee or to the trial court at the time of appellant's change of plea hearing, and denied by appellant to the trial court during the change of plea hearing.

{¶ 13} The trial court next heard victim impact testimony from the husband of the woman whose vehicle appellant struck, precipitating this case. The victim's husband stated that,

[Appellant] ruined my wife's life. She's going to have back problems the rest of her life * * * She's been depressed for the last three years and barely

5.

leaves the house * * * [Appellant] didn't cooperate during the civil litigation. He didn't appear for his deposition. He showed no remorse, and plus he's got additional [OVI] charges since then * * * [The victim] was on her way to a birthday party for our three-year-old granddaughter [when she was struck by appellant].

{¶ 14} Based upon the above-detailed information regarding appellant, discovered after the change of plea hearing, appellee conveyed to the trial court that the, "State is not willing to go along with the joint recommendation anymore. The State believes it has a basis to revoke its joint agreement * * * The State is looking for a three-year mandatory sentence in this case, no judicial release, however the judge would like to craft it."

{¶ 15} Upon weighing the aggravating and mitigating evidence that had been presented, the trial court emphasized that, "As far as recidivism being more likely, here the court would note that you have a history of alcohol related [offenses] in the past, also [you] did incur additional [DUI] charges while this case was pending." The trial court sentenced appellant to a 36-month term of incarceration on the aggravated vehicular assault conviction, a one-year term of incarceration on the amended, attempted aggravated assault conviction, and 60-days of jail on the OVI conviction, all sentences ordered to be served concurrently, for a 36-month total term of incarceration. This appeal ensued.

6.

{¶ 16} In the first assignment of error, appellant argues that the trial court erred in failing to adhere to the original plea agreement sentencing recommendation of a 29-month term of incarceration, with the possibility of early judicial release, as had been presented to the trial court during the change of plea hearing. In conjunction, appellant maintains that the trial court should be construed as a party to the plea agreement, based upon its' statement during the change of plea hearing that, "[T]he court *intends* to follow [the plea agreement] at the time of sentencing." (Emphasis added). We are not convinced.

{¶ 17} As held by this court in *State v. Monroe*, 6th Dist. Lucas No. L-19-1241, 2020-Ohio-4541, ¶ 16-17,

> A plea agreement is a contract between the state and the defendant, and therefore subject to principles of contract law. *State v. Payton*, 6th Dist. Erie Nos. E-09-070/071, 2010-Ohio-5178, ¶ 11 * * * *An implied term in any plea agreement is the appearance of the defendant at a scheduled sentencing hearing. State v. Snell*, 6th Dist. Wood No. 2019-Ohio-1033, ¶13 (citations omitted) * * * *Accordingly, the failure of appellant to appear at the sentencing hearing is generally held to be a breach of the plea agreement. Payton* at ¶ 11 * * * When the defendant fails to appear at sentencing, the state no longer is required to comply with plea agreement.

*State v. Love*, 6th Dist. Erie No. E-16-024, 2017-Ohio-5688, ¶22, citing

*Payton* at ¶ 11. (Emphasis added).

**{¶ 18}** In applying these principles to the instant case, it is undisputed that appellant failed to appear for the September 8, 2022 sentencing hearing in this case. In accord with *Monroe*, this constituted a breach by appellant, thereby relieving appellee of any arguable duty to adhere to the originally discussed sentencing recommendations.

**{¶ 19}** As regards appellant's false statement to the trial court that he was not on probation elsewhere when he was on probation in both Indiana and Illinois for additional OVI offenses which occurred during the pendency of this case, appellant unpersuasively asserts upon appeal that, "Cases in other states are not material to the agreement reached between himself and the State."

**{¶ 20}** Regardless of the above, it is unrefuted that appellant failed to appear at the September 8, 2022 sentencing hearing. Thus, in conformity with *Monroe* and *Snell*, appellant breached the plea agreement, rendering it unenforceable. Based upon the foregoing, we find appellant's first assignment of error not well-taken.

**{¶ 21}** In appellant's second assignment of error, appellant similarly contends that counsel was ineffective in failing to object to the trial court not adhering to the original sentencing recommendations of the plea agreement, the same substantive basis underpinning appellant's first assignment of error.

8.

**{¶ 22}** As held by this court in *State v. Bender*, 6th Dist. Ottawa No. OT-22-019, 2023-Ohio-486, ¶ 16,

> It is well-established that in order to demonstrate ineffective assistance of counsel, one must satisfy a two-pronged test. First, it must be shown that counsel's representation was deficient in some specific way, falling below an objective standard of reasonableness. If the first prong is satisfied, then it must be shown that, but for the demonstrated deficiency, the outcome of the case would've been different. *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 90 L.E.2d 674 (1984). In conjunction, appellate courts must be highly deferential and retain a strong presumption that counsel's conduct fell within the range of reasonable professional assistance when reviewing ineffective assistance of counsel claims. *Id.* at 689. Further, as held by this court in *State v. Jackson*, 6th Dist. Sandusky No. S-20-036, 2021-Ohio-4619, ¶ 17, 'A properly licensed attorney in Ohio is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Tactical, strategic decisions do not constitute a meritorious basis of an of ineffective assistance of counsel claim. *State v. Phillips*, 74 Ohio St.3d 72, 656 N.E.2d 643 (1995).

**{¶ 23}** As applied to this case, appellant cannot demonstrate that counsel's failure to object to the trial court's sentencing decision to not adhere to the recommendations of

9.

an unenforceable plea agreement was an outcome determinative action. Accordingly, we find appellant's second assignment of error not well-taken.

{¶ 24} On consideration whereof, the judgment of the Huron County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                      _____
                                          JUDGE
Christine E. Mayle, J.

Myron C. Duhart, P.J.                     _____
CONCUR.                                   JUDGE

                                          _____
                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.